661 So.2d 135 (1995)
Ray GRIFFIN, Appellant,
v.
The BERKLEY SOUTH CONDOMINIUM ASSOCIATION, Appellee.
No. 94-2261.
District Court of Appeal of Florida, Fourth District.
October 11, 1995.
Allison K. Bethel of Becker & Poliakoff, P.A., Ft. Lauderdale, for appellant.
Tina L. Hurley of Leonard & Morrison and William Robert Leonard of the Law Offices of William Robert Leonard, Ft. Lauderdale, for appellee.
KLEIN, Judge.
Appellant, a condominium unit owner, appeals an order denying his motion for prevailing party attorney fees under section 718.303, Florida Statutes (1993), after the association dismissed its lawsuit to foreclose a lien. We reverse.
Appellant owns a commercial condominium in a building which contains both commercial and residential units. The association filed suit against Griffin to foreclose a lien for delinquent assessments in the amount of $3,135.65. The association realized after filing the suit that it had been improperly charging appellant late fees, because there was no authority to do so in the documents, and that appellant had also been improperly assessed with electricity charges. The association then acknowledged that appellant actually had a credit balance and voluntarily dismissed the case.
Appellant subsequently moved for prevailing party attorney's fees. At the hearing the president of the association testified that appellant was erratic in paying his assessments and that the lawsuit was necessary to make appellant pay on a regular basis. The association also put on testimony that although it had mistakenly acknowledged that appellant had a credit balance at around the time it dismissed the lawsuit, in actuality appellant owed the association a small amount which would not have been enough to warrant the filing of the suit.
We conclude that this case is governed by the principle that where a plaintiff takes a voluntary dismissal, the defendant is the prevailing party for purposes of attorney's fees. Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986) and cases cited therein. We therefore reverse and remand for the trial court to award reasonable attorney's fees to appellant.
DELL and STEVENSON, JJ., concur.