839 So.2d 744 (2003)
Walter D. PADOW, M.D., P.A., Appellant,
v.
KNOLLWOOD CLUB ASSOCIATION, INC., a Florida not-for-profit corporation, Appellee.
No. 4D02-470.
District Court of Appeal of Florida, Fourth District.
January 29, 2003.
Rehearing Denied March 20, 2003.
Richard W. Glenn, West Palm Beach, for appellant.
Scott L. Pestcoe and Michael S. Chadrow of Bakalar, Brough & Chadrow, P.A., Plantation, for appellee.
GROSS, J.
In light of the supreme court's decision in Caufield v. Cantele, 837 So.2d 371, 377-78 (Fla.2002), we withdrew our prior opinion in this case. We now substitute the following.
The county court judge in this case denied a motion for attorney's fees and certified a question as being of great public importance concerning the application of section 718.303(1), Florida Statutes (2001). We rephrase the question:

*745 IN A SUIT BY A CONDOMINIUM ASSOCIATION AGAINST A UNIT OWNER FOR UNPAID ASSESSMENTS, IS THE UNIT OWNER THE "PREVAILING PARTY" WITHIN THE MEANING OF SECTION 718.303(1), FLORIDA STATUTES (2001), WHERE THE OWNER PAYS SUBSTANTIALLY ALL THAT IS SOUGHT BY THE ASSOCIATION, AND THE ASSOCIATION THEREAFTER FILES A VOLUNTARY DISMISSAL WITHOUT PREJUDICE?
For the reasons stated below, we answer the certified question in the negative and affirm the order of the county court.
Appellant, Walter D. Padow, M.D., P.A. ("Padow"), owns a condominium and is a member of the appellee, Knollwood Club Association, Inc. ("Association").
In July, 1999, the association filed a complaint against Padow based on the failure to pay maintenance assessments. Padow's answer denied any delinquency. In June, 2000, the association filed a motion for summary judgment. In July, 2000, Padow sent the association a $2,000 check. The association acknowledged receipt of the check and indicated that it would apply the payment pursuant to section 718.116(3), Florida Statutes (2000). The association took the position that, after allocating the payment under the statute, Padow still owed it money.
The trial court denied the association's motion for summary judgment. The judge ruled that "all the past due assessments, including interest and late fees [had] been paid by tender of the amount due when Padow tendered $2,000" to the association.
Almost seven months later, the association voluntarily dismissed its complaint without prejudice pursuant to Florida Rule of Civil Procedure 1.420(a)(1). Two weeks later, Padow filed his motion to tax costs and attorney's fees, asserting that he was the prevailing party. At the hearing, the association explained that it had taken a voluntary dismissal "because it had gotten most of what it had sought when filing its suit and ... it did not believe that it was worth while for a small [c]ondominium [a]ssociation to continue to litigate indefinitely under those circumstances."
The trial court denied Padow's motion, devoting much of its thoughtful order to the issue of whether Padow was the "prevailing party" within the meaning of section 718.303(1). The judge reasoned that: (1) Padow had "paid the claim, or a very good part of it," (2) the association "got most of what it sought," (3) "almost anyone, not hindered by a law degree, would believe that the time for fighting or litigating had passed," and (4) to find that Padow was the prevailing party under these circumstances would require a plaintiff to fight every case to judgment, even though it "achieved all of the legitimate goals of [its] suit," which was not a goal of the legislature in passing the statute.
The test for determining the "prevailing party" under section 718.303(1) is "whether the party `succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Munao, Munao, Munao & Munao v. Homeowners Ass'n of La Buona Vita Mobile Home Park, Inc., 740 So.2d 73, 78 (Fla. 4th DCA 1999) (construing § 723.068, Fla. Stat. (1989) and quoting Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 809-10 (Fla.1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))). Here, the association succeeded on the primary issue in the litigation, recovering most of the unpaid assessments that it sought.
Padow argues that a court "cannot look past a voluntary dismissal to determine whether a party is a `substantially' prevailing party." He cites the general rule that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." Thornber v. City of Ft. *746 Walton Beach, 568 So.2d 914, 919 (Fla. 1990). As the supreme court explained:
A determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party. Metropolitan Dade County v. Evans, 474 So.2d 392 (Fla. 3d DCA 1985); State Department of Health & Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982). There must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed. Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985), review denied, 486 So.2d 597 (Fla.1986).
Thornber, 568 So.2d at 919 (Fla.1990).
This case presents an exception to the general rule stated in Thornber. Thornber contemplates that after a voluntary dismissal a trial court must "determine whether the party requesting fees has prevailed." Id. (emphasis added). This language indicates that a defendant is not automatically the prevailing party for the purpose of an attorney's fee statute when a plaintiff takes a voluntary dismissal. Here, Padow cannot be a "prevailing party" within the meaning of section 718.303(1) because he paid the substantial part of the association's claim for delinquent assessments prior to the voluntary dismissal.
Padow relies on Oakwood Plaza, L.P. v. D.O.C. Optics Corp., 708 So.2d 959 (Fla. 4th DCA 1998), abrogated on other grounds by Caufield, 837 So.2d at 373-74; Boca Airport, Inc. v. Roll-N-Roaster of Boca, Inc., 690 So.2d 640 (Fla. 4th DCA 1997), and Griffin v. Berkley South Condominium Ass'n, 661 So.2d 135 (Fla. 4th DCA 1995). However, in none of these cases did the plaintiff's voluntary dismissal follow the defendant's payment of substantially all of the plaintiff's claim.
For example, in Griffin, an association filed suit against a unit owner to foreclose a lien for delinquent assessments. Id. at 135. After discovering that it had been improperly charging the owner late fees, the association "acknowledged that [the unit owner] actually had a credit balance and voluntarily dismissed the case." Id. At the hearing on attorney's fees, the association put on testimony that it was mistaken about the unit owner's credit balance; the owner still owed a small amount, "which would not have been enough to warrant the filing of the suit." Id. This court held that the unit owner was the prevailing party entitled to attorney's fees under section 718.303. Id. Significantly, in Griffin, the unit owner paid no money toward the claim prior to the association's voluntary dismissal.
We agree with the county court that to declare Padow the prevailing party in this case would be contrary to a goal of the statute, which is to discourage needless litigation by encouraging settlement. The judge found that "to continue the lawsuit [] would have been a waste of resources...." Consistent with the intent of the statute, the association took the expeditious course of unilaterally dismissing the case to put an end to the litigation, foregoing its colorable claim for attorney's fees.
AFFIRMED.
KLEIN and TAYLOR, JJ., concur.