WALLACE, Judge.
Michael L. Tubbs and Raymond A. Tubbs (collectively, the Tubbses) challenge an award of attorney’s fees and taxable costs against them and in favor of Me-chanik Nuccio Hearne & Wester, P.A. (Mechanic Nuccio), the assignee of RC Highlands Holdings of Florida, Inc. (RC Highlands). The trial court determined that RC Highlands was the prevailing party for the purpose of an award of attorney’s fees under the parties’ agreement after the Tubbses dismissed their foreclosure claims against RC Highlands. Because the trial court abused its discretion in determining that RC Highlands became the prevailing party upon the Tubbses’ dismissal of claims that had become moot for reasons unrelated to the merits of the litigation and because such a determination was premature, we reverse the fee award. We approve the award of taxable costs in favor of Mechanik Nuccio. Nevertheless, we also hold that the trial court erred in failing to set off a portion of the judgment held by the Tubbses against the amount of the taxable costs that it awarded to Mechanik Nuccio.
I. THE FACTS AND PROCEDURAL BACKGROUND
In June 2006, the Tubbses entered into a Stock Purchase Agreement under which they sold their stock in Tu-Co Peat, Inc. *1037 (Tu-Co), and Ram Peat, Inc. (Ram), to RC Highlands for $16,000,000. Among the assets of Tu-Co and Ram was real property containing peat reserves. The real property is located in Highlands County. As security for part of the purchase price, the Tubbses each received a promissory note for one million dollars. The Tubbses secured their notes with mortgages on the Tu-Co property and the Ram property. RC Highlands was the maker on the promissory notes; Richard Hudec and Lisa Hu-dec of RC Highlands guaranteed the pay^ ment of the notes. Wachovia Bank, N.A., now Wells Fargo Bank, N.A., acted as a lender to' RC Highlands in connection with the transaction.[1] Wells Fargo also obtained a mortgage on the real property owned by Tu-Co and Ram., .
At this point, we note three significant facts concerning the pertinent documents. First, although it acquired no ownership interest in.the real property, RC Highlands was named as a “Mortgagor” in the Tubbses’ mortgages along with Tu-Co and Ram. Second, the Tubbses’ mortgages included an attorney’s fee provision in favor of the mortgagee. Third, the Stock Purchase Agreement contained a forum selection clause requiring any litigation “against any of the parties to. this Agreement on any dispute arising out of this Agreement or any matter related hereto” to be brought in “the State and Federal courts in Hillsborough County.” (Emphasis added.) The designation of Hillsborough County in the Stock Purchase Agreement’s forum selection clause contributed to some of the complexity of the litigation that followed because the real property is located in Highlands County.
The notes executed by RC Highlands in favor of the Tubbses went into default in 2008. After this default, the parties became embroiled in five separate actions. The Tubbses filed four of these actions in Highlands County. RC Highlands and Lisa Hudec filed the fifth action in Hills-borough County. Basic information concerning the claims asserted in each of these actions is critical to an understanding of the issues in this case. We turn now to an examination of these five actions.
The Guarantee Case. Initially, each of the Tubbses filed an action against Richard Hudec and Lisa Hudec in Highlands County on their guarantee of the promissory note made by RC Highlands and for alleged fraud. These cases, numbers GC 08-391 and GC 08-392, were consolidated. We will refer to these consolidated cases as “the guarantee case.”
The Foreclosure Case. Next, each of the Tubbses filed an action in Highlands County against RC Highlands, Tu-Co, and Ram to foreclose their mortgages on the real property. The trial court also consolidated these cases, numbers GC 08-903 and GC 08-904. We will refer to these consolidated cases as “the foreclosure case.” Although RC Highlands had no ownership interest in the real property, it was the maker of the notes and a named mortgagor. Thus the Tubbses named RC Highlands as a. defendant in the foreclosure case and requested a deficiency judgment against it. The Tubbses also joined Wells Fargo as a defendant in the foreclosure case. Wells Fargo filed a counterclaim and a cross-claim to foreclose its mortgage on the real property owned by Tu-Co and Ram.
The Hillsborough County Case. Finally, in July 2009, RC Highlands and Lisa Hudec filed an action against the Tubbses in Hillsborough County, case number 09-CA-17351. We will refer to case number *1038 09-CA-17351 as “the Hillsborough County case.” In the Hillsborough County case, RC Highlands asserted claims against the Tubbses for violations of the Stock Purchase Agreement based on alleged environmental contamination of the mortgaged property. RC Highlands, Tu-Co, and Ram also raised these claims as defenses in the foreclosure case. The Tubbses asserted counterclaims against RC Highlands and Lisa Hudec in the Hillsborough County case.
In July 2010, the parties stipulated that the guarantee case — which was then pending in Highlands County — would be dismissed and that the Tubbses could refile the claims asserted in that action as a counterclaim in the Hillsborough County case. The trial court approved the parties’ agreement and dismissed the guarantee case in accordance with their stipulation. Shortly thereafter, the Tubbses refiled in the Hillsborough County case the claims that they had asserted in the guarantee case. The claims asserted by the Tubbses as counterclaims in the Hillsborough County case included claims against RC Highlands for breach of the promissory notes. RC Highlands did not seek any attorney’s fees or costs against the Tubbs-es because of the dismissal of the guarantee case that had been pending in Highlands County and the refiling of the claims asserted in that case as counterclaims in the Hillsborough County case.
In August 2010, the trial court entered defaults against Tu-Co and Ram in the foreclosure case. On August 30, 2010, the trial court granted an amended motion for summary judgment by Wells Fargo. The trial court determined that the lien of the Wells Fargo mortgage had priority over the Tubbses’ mortgages. On October 1, 2010, the trial court entered a final judgment of foreclosure in favor of Wells Fargo and against the Tubbses, RC Highlands, Tu-Co, and Ram. The total amount due Wells Fargo at the date of the entry of the final judgment of foreclosure was $14,642,330.89.
On October 5, 2010, after the entry of the final judgment in the foreclosure case, the Tubbses filed a notice dismissing RC Highlands as a defendant but reserving their rights to obtain final judgments against Tu-Co and Ram based on the defaults that the trial court had already entered against them. At this point, the Tubbses’ claims on the notes against RC Highlands were already pending in the Hillsborough County case. The Tubbses ultimately obtained final judgments in the foreclosure case against Tu-Co and Ram.
In the meantime, the clerk of the circuit court sold the real property owned by Tu-Co and Ram based on Wells Fargo’s final judgment of foreclosure. The sales proceeds were insufficient to satisfy the amount owed to Wells Fargo, and on November 19, 2010, the trial court entered a deficiency judgment in favor of Wells Fargo and against RC Highlands, Tu-Co, and Ram for $8,438,712.57. Wells Fargo and the Tubbses reached an agreement, and as part of the agreement, Wells Fargo assigned its deficiency judgment to the Tubbses on November 22, 2010.
Three weeks after the Tubbses dismissed their claims against RC Highlands in the foreclosure case, RC Highlands filed a motion in that case seeking an award of attorney’s fees and costs. In its motion, RC Highlands asserted that because the Tubbses had voluntarily dismissed their claims against it, RC Highlands was the prevailing party for the purpose of an award of fees. RC Highlands claimed attorney’s fees under the attorney’s fee provision in the mortgages and under section 57.105(7), Florida Statutes (2008). In addition, RC Highlands sought an award of costs under section 57.041(1), which provides, in pertinent part, that “[t]he party *1039 recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment.”
After a hearing limited to the issue of entitlement, the trial court determined that RC Highlands was the prevailing party in the foreclosure case based on the Tubbses’ voluntary dismissal of their claims against RC Highlands. The trial court entered its order on the issue of entitlement on February 22, 2011. Before this order was entered, RC Highlands had assigned its claims for attorney’s fees and costs to its attorneys, Mechanik Nuccio. The assignment was dated April 5, 2010, but Mechanik Nuccio did not give the Tubbses notice of the assignment until March 2, 2011. Based on the assignment, the trial court' substituted Mechanik Nuc-cio in the litigation as the real party in interest. The trial court held extensive hearings on the amount of fees and costs to be awarded to Mechanik Nuccio. The Tubbses moved for the trial court to set off a portion of the deficiency judgment that the Tubbses had acquired from Wells Fargo against any liability they might have to Mechanik Nuccio for attorney’s fees and costs. However, the trial court denied the Tubbses’ motion for set-off. Ultimately, the trial court entered a final judgment in favor of Mechanik Nuccio and against the Tubbses for $355,972.73.
The makeup of the judgment amount is pertinent to the issues on appeal. For the purpose of the attorney’s fee award, the trial court determined the lodestar amount to be $158,252.50. Then, the trial court applied a multiplier of 2.0 to the lodestar for a total attorney’s fee award of $316,505. The trial court also awarded Mechanik Nuccio $11,070 for the services of its expert witness on the issue of the amount of a reasonable attorney’s fee, and $14,592.80 in prejudgment interest on the attorney’s fee award. Finally, the trial court awarded Mechanik Nuccio $13,804.93 in taxable costs.
The Tubbses filed a motion for rehear-: mg of the final judgment, and the trial court denied the motion. This appeal followed.
II. FRAMING THE ISSUES
On appeal, the Tubbses argue that RC Highlands was not the prevailing party in the litigation. For this reason, the Tubbs-es contend that neither RC Highlands nor Mechanik Nuccio was entitled to an award of attorney’s fees. The Tubbses do not challenge the amount of the attorney’s fee award. In response, Mechanik Nuccio argues that the voluntary dismissal automatically made RC Highlands the prevailing party for the purpose of an award of prevailing party attorney’s fees.[2]
In general, we review a trial court’s determination of the prevailing party for an abuse of discretion. T & W Developers, Inc. v. Salmonsen, 31 So.3d 298, 301 (Fla. 5th DCA 2010). However, when the trial court’s determination of which party prevails depends on the interpretation of a statute or a contract, we apply a de novo standard of review. Id. Here, the trial court’s determination of the prevailing party issue does not depend on the interpretation of a statute or on the parties’ agreement. Thus we review the trial court’s determination of the prevailing party for abuse of discretion.
*1040 Therefore, the first issue we are called upon to determine is whether the trial court abused its discretion in determining that RC Highlands became the prevailing party after the Tubbses took a voluntary dismissal of their foreclosure claims against RC Highlands in the foreclosure case. If not, then we must approve the trial court’s award of attorney’s fees to Mechanik Nuccio, RC Highlands’ assignee, under the fee provision of the parties’ mortgages and section 57.105(7).
For reasons unexplained, the parties do not directly address the separate issue of taxable costs in their briefs. However, we conclude that the trial court properly assessed and awarded taxable costs to Me-chanik Nuccio.
In addition, the Tubbses argue that the trial court improperly rejected their claim of set-off based on the substantially greater judgment against RC Highlands and its subsidiaries that Wells Fargo has assigned to the Tubbses. Based on our ruling on the prevailing party issue, this issue is not pertinent to the portion of the judgment against the Tubbses for attorney’s fees, the expert witness fee, and the award of prejudgment interest on the attorney’s fee award. However, because we approve the award of taxable costs in favor of Mechan-ik Nuccio and against the Tubbses, we must consider the issue of the set-off as it relates to the separate matter of the taxable cost award.
The facts pertinent to the legal issues concerning the Tubbses’ claim of set-off are essentially undisputed. We use a de novo standard to review a question of law arising from undisputed facts. See Kirton v. Fields, 997 So.2d 349, 352 (Fla.2008) (citing D’Angelo v. Fitzmaurice, 863 So.2d 311, 314 (Fla.2003)).
III. THE PREVAILING PARTY AND ATTORNEY’S FEES
For two reasons, we conclude that the trial court abused its discretion in determining that RC Highlands became the prevailing party after the Tubbses dismissed without prejudice their foreclosure claims against RC Highlands. First, the Tubbses dismissed their foreclosure claims because they had become moot, and the reason that the claims had become moot was unrelated to their merits. Second, the dismissed claims were only part of the complex litigation pending in two different counties among the Tubbses, RC Highlands, and other parties. The other claims — including the Tubbses’ claims against RC Highlands on the notes — were still pending in Hillsborough County after the voluntary dismissal and when the trial court determined that RC Highlands was the prevailing party. Thus the trial court’s determination of the issue was — at best — premature.
A. The Dismissal of Moot Claims
In most instances, “when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party.” Thornber v. City of Fort Walton Beach, 568 So.2d 914, 919 (Fla.1990). Generally speaking, “when a plaintiff voluntarily dismisses an action, the defendant is the ‘prevailing party1 within the meaning of statutory or contractual provisions awarding attorney’s fees to the ‘prevailing part in litigation.” Alhambra Homeowners Ass’n v. Asad, 943 So.2d 316, 318 (Fla. 4th DCA 2006); see also Ajax Paving Indus., Inc. v. Hardaway Co., 824 So.2d 1026, 1029 (Fla. 2d DCA 2002) (stating the general rule); Century Constr. Corp. v. Koss, 559 So.2d 611, 612 (Fla. 1st DCA 1990) (stating the general rule). “[D]espite the fact that the case has not been resolved on the merits,” an award of attorney’s fees may be made to the defendant as the prevailing party. *1041 Ajax Paving, 824 So.2d at 1029 (citing Thomber, 568 So.2d at 919).
However, the general rule does not apply without exception. A court may look behind a voluntary dismissal at the facts of the litigation “to determine whether a party is a ‘substantially’ prevailing party.” Walter D. Padow, M.D., P.A. v. Knollwood Club Ass’n, 839 So.2d 744, 745 (Fla. 4th DCA 2003). For example, in the Padow case, a condominium association sued a unit owner for failure to pay maintenance assessments. Id. After the suit was filed, the owner sent the association a check for an amount representing a substantial part — but not all — of the association’s claim. Id. The association decided that it was not worthwhile to continue the litigation with the owner for the relatively small balance remaining. Id. Accordingly, the association filed a voluntary dismissal of the action without prejudice. Id. Next, the owner filed a motion to tax costs and attorney’s fees, claiming that he was the prevailing party and thus entitled to an award under the applicable statute. Id. The trial court ruled that the owner had not prevailed and denied his motion for fees and costs. Id. A continuation of the lawsuit by the association, the trial court concluded, “would have been a waste of resources.” Id. at 746.
The owner appealed the trial court’s order denying his motion to tax costs and attorney’s fees. On appeal, the owner relied on the general rule stated in Thom-ber. Id. at 745^46. The Fourth District affirmed the trial court’s order. Id. The Fourth District distinguished Thomber as follows:
This case presents an exception to the general rule stated in Thomber. Thom-ber contemplates that after a voluntary dismissal a trial court must “determine whether the party requesting fees has prevailed.” [568 So.2d at 919] (emphasis added). This language indicates that a defendant is not automatically the prevailing party for the purpose of an attorney’s fee statute when a plaintiff takes a voluntary dismissal. Here, Padow cannot be a “prevailing party” within the meaning of section 718.303(1) because he paid the substantial part of the association’s claim for delinquent assessments prior to the voluntary dismissal.
Id. at 746. The Fourth District explained further “that to declare [the owner] the prevailing party in this case would be contrary to a goal of [section 718.303(1), Florida Statutes (2001) ], which is to discourage needless litigation by encouraging settlement.” Id. The Fourth District expressly agreed with the trial court’s conclusion that continuing the litigation under the circumstances “would have been a waste of resources.” Id.
 Padow teaches that courts must look to the substance of litigation outcomes — not just procedural maneuvers — in determining the issue of which party has prevailed in an action. “ ‘[I]t is [the] results, not [the] procedure, which govern the determination’ of which party prevailed for purposes of awarding attorney’s fees[.]” Bessard v. Bessard, 40 So.3d 775, 778 (Fla. 3d DCA 2010) (second and third alterations in original) (quoting Smith v. Adler, 596 So.2d 696, 697 (Fla. 4th DCA 1992)).
Here, Mechanik Nuccio relies on the general rule in support of its argument that RC Highlands, the defendant in the foreclosure case filed in Highlands County, became the prevailing party in that case after the Tubbses voluntarily dismissed their foreclosure claims against RC Highlands. Mechanik Nuccio’s argument focuses on the voluntary dismissal — a procedural maneuver — to the exclusion of the substance of what happened. The Tubbs-es only dismissed their foreclosure claims against RC Highlands after Wells Fargo *1042 had foreclosed its superior lien against the real property securing the Tubbses’ mortgages. Wells Fargo’s successful foreclosure of its mortgage lien on the property made any further pursuit by the Tubbses of their foreclosure claims moot. Here, as in Padow, the continued prosecution by the Tubbses of their foreclosure claims against the property “would have been a waste of resources.” The trial court should not have penalized the Tubbses with a substantial assessment of attorney’s fees for recognizing the obvious and dismissing their claims that had become moot for reasons unrelated to the merits of the litigation between the parties. See Del Valle v. Biltmore II Condo. Ass’n, 411 So.2d 1356, 1358 (Fla. 3d DCA 1982) (holding that the defendant unit owner was not the prevailing party under the applicable statute where the plaintiff condominium association voluntarily dismissed its claim when the claim became moot for a reason unrelated to the merits of the case); cf. 51 Island Way Condo. Ass’n v. Williams, 458 So.2d 364, 367 (Fla. 2d DCA 1984) (distinguishing Del Valle on the ground that the circuit court’s dismissal of the case for mootness resulted from the volitional act of the defendants which provided the plaintiff the relief that it had sought).
In addition, even if one considers the result in the foreclosure case in isolation from the larger litigation picture, the conclusion that neither of the parties achieved their litigation objectives in that case is inescapable. The Tubbses’ goal in the foreclosure case was to obtain a judicial sale of the mortgaged property and the application of the proceeds of the sale to the payment of the monies owed to them on the notes. RC Highlands’ goal in the foreclosure case was to avoid the loss of the property and to prevent the entry of deficiency judgments against it. The foreclosure of the property to satisfy Wells Fargo’s superior lien prevented both parties from achieving their goals with regard to the property. The issue of a money judgment against RC Highlands on the notes remained to be determined in the Hillsborough County case. Therefore, even if one does not take all of the litigation pending between the Tubbses and RC Highlands into account, one cannot properly characterize either the Tubbses or RC Highlands as the prevailing party on the foreclosure claims.
B. Consideration of the Litigation as a Whole
In making its determination that RC Holdings was the prevailing party in the Highlands County case, the trial court viewed the Tubbses’ dismissal of their foreclosure claims as an isolated event, unrelated to its place in the context of the complex litigation then pending in two counties among the Tubbses, RC Highlands, and other parties. To be sure, the foreclosure claims were the only claims the Tubbses asserted against RC Highlands in the foreclosure case pending in Highlands County. But the Tubbses were pursuing their claims against RC Highlands on the notes in the Hillsborough County case. In accordance with the local action rule, the only place where the Tubbses could file the foreclosure case was Highlands County. See Ga. Cas. Co. v. O’Donnell, 109 Fla. 290, 147 So. 267, 268 (1933); Cohen v. Century Ventures, Inc., 163 So.2d 799, 801 (Fla. 2d DCA 1964). Nevertheless, the forum selection clause in the Stock Purchase Agreement designated Hillsborough County as the proper forum for all disputes arising out of the Stock Purchase Agreement or any related matter. Accordingly, the Tubbses were obliged to prosecute the foreclosure claims in Highlands County and to litigate their claims on the notes against RC Highlands in Hills-borough County. Absent the forum selection clause in the Stock Purchase Agreement, the parties might have litigated all *1043 of their other claims along with the foreclosure case in Highlands County. Both the foreclosure claims and the note claims arose out of the same transaction between the Tubbses and RC Highlands. To determine whether the prevailing party was the Tubbses or RC Highlands, the trial court should have viewed these claims as a single unit of litigation instead of as unrelated lawsuits.
“[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party, for attorney’s fees.” Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). The determination of which party has prevailed on the significant issues in the case cannot generally be determined until the entry of the final judgment. See Sharpe v. Ceco Corp., 242 So.2d 464, 465 (Fla. 3d DCA 1970) (“The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case.”); see also Henry P. Trawick, Jr., Florida Practice and Procedure § 25:13 (2012 ed.) (“Proof of fees is usually postponed until a decision on the merits. This is the only practicable solution when the fees go to the prevailing party since that is not known until the judgment.”). Here, the trial court based its determination of the prevailing party on the Tubbses’ dismissal of their foreclosure claims without reference to the related claims on the notes. The Tubbses’ claims on the notes were still pending in Hillsborough County when the trial court entered its order declaring RC Highlands to be the prevailing party. Thus the trial court’s determination that RC Highlands was the prevailing party was — at best — premature.
C. Summary
Our review of the trial court’s determination that RC Highlands was the prevailing party in the Highlands County litigation is for abuse of discretion. However, the exercise of the trial court’s discretion in making this determination is “subject to the test of reasonableness, i.e., [it] must be supported by logic and justification for the result and founded on substantial, competent evidence.” In re Guardianship of Sapp, 868 So.2d 687, 693 (Fla. 2d DCA 2004) (citing Valentini v. State (In re Guardianship of Sitter), 779 So.2d 346, 348 (Fla. 2d DCA 2000)). In this case, the trial court inappropriately made its determination of the prevailing party by focusing on a procedural maneuver — the voluntary dismissal — without reference to the substance of what occurred in the litigation. In addition, the trial court made a determination of the prevailing party while the parties were still litigating their closely .related claims in the Hillsborough County proceedings. Thus the trial court made its determination of the prevailing party prematurely — before all of the information necessary to an informed determination of the issue was available. For these reasons, we conclude that the trial court abused its discretion in ruling that RC Highlands was the prevailing party in the foreclosure case.
IV. TAXABLE COSTS
We consider the propriety of the award of taxable costs separately from the attorney’s fee award. With regard to the issue of costs, Florida Rule of Civil Procedure 1.420(d) provides, in pertinent part, as follows: “Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs.” Thus, upon the filing of the Tubbses’ voluntary dismissal in the foreclosure case, RC Highlands became entitled to an award of its taxable costs. See Losada v. Humana Med. Plan, Inc., 659 So.2d 367, 367-68 (Fla. 3d DCA 1995). The trial court properly assessed *1044 and awarded taxable costs to Mechanik Nuccio. Because Mechanik Nuccio was entitled to recover $13,804.93 in costs from the Tubbses, we must now consider the Tubbses’ argument concerning their claim of set-off.
V. SET-OFF
Mechanik Nuccio argues that the Tubbs-es were not entitled to offset the judgment that they acquired by assignment from Wells Fargo against the attorney’s fee and the cost award because the parties involved are different. The Tubbses’ judgment is against RC Highlands; the trial court entered a judgment for attorney’s fees and costs in favor of Mechanik Nuc-cio, a different party. Because the parties are not the same, Mechanik Nuccio concludes, the trial court correctly denied the Tubbses’ motion for set-off. We disagree.
Mechanik Nuccio based its claim for attorney’s fees and costs on an assignment of rights. However, Mechanik Nuc-cio represented RC Highlands in the foreclosure case. As counsel for RC Highlands, Mechanik Nuccio had no independent right to fees and costs separate and apart from its client. To the extent that Mechanik Nuccio was entitled to an award of attorney’s fees and taxable costs at all, its rights were dependent on and derivative of the rights of its client, RC Highlands. See Wolf v. Horton, 322 So.2d 71, 72 (Fla. 3d DCA 1975); Hope v. Lipkin, 156 So.2d 659, 659 (Fla. 3d DCA 1963). For this reason, Mechanik Nuccio “stood in the shoes” of RC Highlands with regard to the set-off of its claim for fees and costs by the Tubbses’ countervailing claim against RC Highlands. See Mass. Cas. Ins. Co. v. Forman, 600 F.2d 481, 483-5 (5th Cir.1979) (applying Florida law); Novack v. Novack, 210 So.2d 215, 217 (Fla.1968). RC Highlands owed the Tubbses more than $8,000,000 on the judgment that they held against it. RC Highlands was apparently insolvent, and the Tubbses were unlikely to collect anything on their judgment. A result allowing Mechanik Nuccio to collect more than $355,000 from the Tubbses based on a derivative right of Mechanik Nuccio’s client, RC Highlands, “would be totally absurd.” Angel Home Health Care, Inc. v. Mederi of Dade Cnty., Inc., 696 So.2d 487, 488 (Fla. 3d DCA 1997). For these reasons, the Tubbses were entitled to set off their much greater judgment against the award in favor of Mechanik Nuccio to the extent necessary to reduce their liability to Mechanik Nuccio to zero. See Nationwide Mut. Fire Ins. Co. v. Voigt, 21 So.3d 895, 896 (Fla. 2d DCA 2009).
VI. CONCLUSION
For these reasons, we reverse the final judgment to the extent that it awards attorney’s fees, the expert witness fee, and prejudgment interest on the amount of the attorney’s fees to Mechanik Nuccio. We approve the award of taxable costs in the amount of $13,804.93 to Mechanik Nuccio. However, on remand, the trial court shall enter an amended final judgment that provides for the partial satisfaction of the Tubbses’ judgment to the extent necessary to reduce to zero the amount due to Me-chanik Nuccio on the cost award.
Affirmed in part, reversed in part, and remanded with directions.
BLACK and SLEET, JJ., Concur.

. Wells Fargo has succeeded to Wachovia’s interest in the transaction. To avoid confusion, we will refer to Wachovia as Wells Fargo in the remainder of this opinion.

. We note that Mechanik Nuccio did not argue either in the trial court or on this appeal that it was entitled to an award of attorney’s fees under Florida Rule of Civil Procedure 1.420(d) because the pertinent documents defined the term "costs” as including attorney’s fees. See Wilson v. Rose Printing Co., 624 So.2d 257, 258 (Fla.1993); Fleet Servs. Corp. v. Reise, 857 So.2d 273, 275 (Fla. 2d DCA 2003). Accordingly, we do not address that issue.