DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN KELLY** a/k/a **BRIAN K. KELLY,**
Appellant,

v.

**BANKUNITED, FSB,**
Appellee.

No. 4D14-2359

[March 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia Imperato, Judge; L.T. Case No. CACE09-010729 (11).

Kirk J. Girrbach of Guardian Law Group of Florida, P.A., Fort Lauderdale, for appellant.

Gary M. Carman and Richard F. Danese of Gray Robinson, P.A., Miami, for appellee.

**ON MOTION FOR REHEARING**

FORST, J.

We grant the Motion for Rehearing filed by Appellee BankUnited, withdraw our previously issued opinion dated January 7, 2015, and replace it with the following:

Appellant Brian Kelly appeals the order denying his amended motion for attorneys' fees in an underlying foreclosure action. He argues that, upon Appellee BankUnited's voluntary dismissal of the underlying foreclosure action, he was the prevailing party below for purposes of entitlement to attorneys' fees under section 57.105(7), Florida Statutes. However, in light of the unique circumstances in this case where neither party substantially prevailed, we affirm the trial court's order for reasons discussed below.

Appellee filed a foreclosure complaint against Appellant for defaulting on a loan. Appellant filed an answer and affirmative defenses, including a

request for the trial court to "award costs and reasonable attorney fees as provided by 15 U.S.C. 1640(a) & (e), Fla. Statutes, Section 57.105, and the mortgage and note, and such other relief as this Court deems just and proper."

Final summary judgment was entered in favor of Appellee. Appellant appealed that judgment. During the pendency of the appeal, the subject property was sold to a third party by a short sale agreement entered into by Appellant and Appellee.[1] Because of the short sale, Appellee moved to cancel the foreclosure sale, vacate the final summary judgment, dismiss the action, and return the original note and mortgage, which the trial court granted. However, neither party petitioned this court to dismiss Appellant's appeal of the final summary judgment before attempting to dismiss the action below.

Over a year after the short sale, we reversed the order of final summary judgment and remanded the case to the trial court for rehearing on Appellee's motion for summary judgment. *Kelly v. BankUnited, FSB*, 125 So. 3d 981 (Fla. 4th DCA 2013). On remand, Appellant moved for attorneys' fees and costs in the trial court, arguing that he is the prevailing party in the case and entitled to fees under the terms of the mortgage document and section 57.105(7). Upon a magistrate's recommendation, the trial court continued the motion until it could rehear Appellee's motion for summary judgment pursuant to our mandate. In a separate order, the trial court recognized that Appellee had voluntarily dismissed the case because of the short sale agreement.

After a hearing on his original motion for attorneys' fees, Appellant amended his motion, and it again came before the court. The trial court denied Appellant's amended motion as to entitlement to prevailing party attorneys' fees, which is the subject of the instant appeal.

Generally, a trial court's ruling on a motion for attorneys' fees is reviewed for abuse of discretion; "[h]owever, where entitlement depends on the interpretation of a statute or contract the ruling is reviewed *de novo*." *Mihalyi v. LaSalle Bank, N.A.*, 39 Fla. L. Weekly D2269, at *1 (Fla. 4th DCA Oct. 29, 2014).

---

[1] The agreement apparently made no mention with respect to responsibility for the payment of either parties' attorneys' fees, an omission which opened the door to the present conflict.

2

Initially, we note that Appellant's request for fees in his answer to Appellee's complaint was sufficient to place Appellee on notice of Appellant's intent to seek attorneys' fees in the action. *See Stockman v. Downs*, 573 So. 2d 835, 837 (Fla. 1991). We also note that Appellee's attempt to voluntarily dismiss the case in the trial court while the final summary judgment order was pending on appeal is a nullity and therefore does not factor in the analysis below. *See Equibank, N.A. v. Penland*, 330 So. 2d 739, 739-40 (Fla. 1st DCA 1976).

On the merits of whether Appellant was the prevailing party below for purposes of section 57.105, we first reference the general rule—"A plaintiff's voluntary dismissal makes a defendant the 'prevailing party' within the meaning of subsection 57.105(7), even if the plaintiff refiles the case and prevails." *Mihalyi*, 39 Fla. L. Weekly D2269, at *1; *see also Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990) ("In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. A determination on the merits is not a prerequisite to an award of attorneys' fees where the statute provides that they will inure to the prevailing party." (internal citation omitted)). Under the general rule, the determination of the defendant being the prevailing party is thus outside of a determination on the merits of the case. *Alhambra Homeowners Ass'n, v. Asad*, 943 So. 2d 316, 319 (Fla. 4th DCA 2006).

However, our court has recognized an exception to the general rule as stated in *Padow v. Knollwood Club Ass'n*, 839 So. 2d 744 (Fla. 4th DCA 2003), which the Second District applied in the context of prevailing party fees under section 57.105 in *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1041-42 (Fla. 2d DCA 2013). In *Padow*, the plaintiff was a condominium association that filed a complaint against a condominium owner, Padow, for failure to pay maintenance assessments. *Padow*, 839 So. 2d at 745. One year later, Padow provided the association with a check for $2,000. *Id.* In ruling against the association's motion for summary judgment, the trial court determined that the $2,000 satisfied Padow's outstanding financial obligations to the association. *Id.* Subsequently, the association voluntarily dismissed its complaint without prejudice and then Padow moved for attorneys' fees as the prevailing party in the action. *Id.* The trial court denied Padow's motion, finding that, since Padow "had paid the claim, or a very good part of it" and the association "got most of what it sought" and thus "achieved all of the legitimate goals of [its] suit," it could not find that Padow was the "prevailing party" for purposes of the award of attorneys' fees. *Id.* This court affirmed, finding that Padow could not be a "prevailing party" with respect to the payment of attorneys' fees, "because he paid the substantial

part of the association's claim for delinquent assessments prior to the voluntary dismissal." *Id.* at 746.

*Tubbs* summarized the holding in *Padow*, saying,

> *Padow* teaches that courts must look to the substance of litigation outcomes—not just procedural maneuvers—in determining the issue of which party has prevailed in an action. "'[I]t is [the] results, not [the] procedure, which govern the determination' of which party prevailed for purposes of awarding attorney's fees[.]" *Bessard v. Bessard,* 40 So. 3d 775, 778 (Fla. 3d DCA 2010) (second and third alterations in original) (quoting *Smith v. Adler,* 596 So. 2d 696, 697 (Fla. 4th DCA 1992)).

*Tubbs,* 125 So. 3d at 1041. This is the lesson we take from *Padow* and apply in the instant case.

Here, upon voluntary dismissal after execution of the short sale agreement, Appellant lost his home and received none of the proceeds of the sale of the property, yet the amount Appellee received from the short sale constituted less than 25% of the amount claimed prior to the voluntary dismissal.[2] As such, similar to the court in *Tubbs*, we find that "the conclusion that neither of the parties achieved their litigation objectives in [this foreclosure] case is inescapable." *Id.* at 1042.

We distinguish this situation from *Padow* because, as recognized by this court in *Alhambra*, in *Padow* the defendant "caved" to the demands of the plaintiff; here, the parties "caved," in part, to the demands of each other to reach a compromise, with neither substantially prevailing in the action. *Alhambra Homeowners Ass'n,* 943 So. 2d at 320. However, this nuance still necessitates the application of some exception to the general rule as stated in *Thornber* when determining whether the party requesting fees has prevailed, because to strictly apply the general rule in the instant circumstances would elevate form over substance and lead to a result contrary to the purpose of section 57.105. *See Thornber,* 568 So. 2d at 919; *Padow,* 839 So. 2d at 746.

Where the purpose of section 57.105 is to deter misuse of the judicial system and discourage needless litigation, to declare Appellant the

---

[2] The judgment amount obtained by Appellee on the reversed summary judgment was $220,325.86. The subsequent short sale was for $53,000.00, representing a 75.94% reduction to the benefit of Appellant.

prevailing party and entitled to attorneys' fees under these facts would be contrary to that goal. *See Tubbs*, 125 So. 3d at 1042; *Bay Fin. Sav. Bank, F.S.B. v. Hook*, 648 So. 2d 305, 307 (Fla. 2d DCA 1995). We do not want to penalize plaintiffs "with a substantial assessment of attorney's fees for recognizing the obvious and dismissing their claims that had become moot for reasons unrelated to the merits of the litigation between the parties." *Tubbs*, 125 So. 3d at 1042.

Therefore, in a situation *where both Appellant and Appellee compromised* in effectively agreeing to a settlement to end their litigation, we will not hold Appellee responsible for payment of Appellant's attorneys' fees, as Appellee's dismissal of the pending complaint following the settlement was the obvious and appropriate course of action. Where a plaintiff's voluntary dismissal results in neither party substantially prevailing in the litigation outcome, neither party is the prevailing party for purposes of attorneys' fees. In such a case, as here, neither the general rule, nor the exception in *Padow*, applies.

We note that this holding does not require trial courts "to look behind a voluntary dismissal to decide whether the dismissal represents 'an end or finality to the litigation on the merits[,]'" which has been an approach rejected by our court. *See Alhambra Homeowners Ass'n*, 943 So. 2d at 321. The finding that neither party has substantially prevailed by virtue of the voluntary dismissal is regardless of the merits of each party's claim or defense in the underlying action.

We affirm the order denying Appellant's motion for attorneys' fees as the prevailing party upon Appellee's voluntary dismissal.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

5