NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VALENCIA GOLF AND COUNTRY )
CLUB HOMEOWNERS' )
ASSOCIATION, INC., )
)
      Appellant, )
)
v. )      Case No. 2D17-4986
)
COMMUNITY RESOURCE SERVICES, )
INC. and ORANGETREE )
HOMEOWNERS ASSOCIATION, INC., )
)
      Appellees. )
_____ )

Opinion filed May 22, 2019.

Appeal from the Circuit Court for Collier
County; Lauren L. Brodie, Judge.

Mark E. Adamczyk and Kelsey L.
Hazzard of Adamczyk Law Firm, PLLC,
Naples, for Appellant.

Suzanne M. Boy, Shannon M. Puopolo, and
Douglas B. Szabo of Henderson, Franklin,
Starnes, & Holt, Fort Myers,
for Appellees.


KELLY, Judge.

      Valencia Golf and Country Club Homeowners' Association, Inc. (Valencia),

appeals from a final judgment that awards attorneys' fees of $29,699 and costs of

$5188.58 to the appellees, Community Resource Services, Inc. (CRS), and Orangetree Homeowners' Association, Inc. (Orangetree HOA), as prevailing parties in the litigation. Valencia contends that even though it voluntarily dismissed its complaint against the appellees, the appellees were not prevailing parties entitled to an award of fees and costs. We agree and reverse.

The Valencia Golf and Country Club residential community in Naples, Collier County, is one of several that make up a larger master planned development known as Orangetree. The appellant is a homeowners' association that operates the Valencia Golf and Country Club residential community. Appellee Orangetree HOA is the master association for the Orangetree development. Residences in Valencia are governed both by the Declaration of Covenants, Conditions, and Restrictions of Valencia Golf and Country Club and by the Declaration of General Protective Covenants and Restrictions of Orangetree.

Article X, section 22 of the Valencia Declaration states that Valencia "has entered or will enter into an agreement" with the appellee, Community Resource Services, Inc. ("CRS"), for the provision of effluent (treated wastewater) for irrigation to Valencia Golf and Country Club. In addition, article VII, section 7.16 of the Master Declaration asserts that Orangetree HOA "has entered into an Agreement to supply the residential dwelling owners with cable television services." In 2014, a dispute arose between the parties over the provision of irrigation and cable services to Valencia. Valencia filed a complaint for declaratory relief, seeking the court's interpretation of certain terms in the covenants and cable and irrigation service agreements. In its pretrial statement, Valencia identified the key issues to be decided by the court as

whether the appellees had "the right to provide services, under what agreement, and under what provisions of such agreement do they have the right to increase the cable rates and irrigation water rates, and the means by which those increases are calculated and levied."

During discovery, Valencia obtained a copy of the relevant cable agreement which cleared up the matters concerning cable service. Valencia also obtained a copy of the Irrigation Water Service Agreement reached in 2005 between CRS and the predecessor to Valencia. Later in January 2017, the Board of County Commissioners and CRS entered into an agreement regarding the use of effluent in the Valencia Golf and Country Club Community (the Delivery Agreement). The Delivery Agreement, which Valencia also executed, read together with the 2005 Agreement, clarified the rate to be charged for effluent and under what circumstances that rate could change—precisely the outcome Valencia sought in its claim for declaratory relief.

On January 31, 2017, the court held a status conference, after which it was noted in the record that all matters in controversy had been resolved. On February 1, 2017, Valencia filed a notice of voluntary dismissal, explaining that the cable service and irrigation water rate issues had been settled. It stated that during the pendency of the action, an agreement had been reached which "resolved the bona fide, actual, present and practical need for a declaration of the court to determine what agreements governed the provision of services, who the parties to those agreements are, the services to be provided, the rates to be charged, and other provisions that govern the contractual relationship."

Thereafter, CRS and Orangetree HOA filed a motion to tax attorneys' fees and costs. They argued that the appellees were the prevailing parties in the matter, citing Yampol v. Schindler Elevator Corp., 186 So. 3d 616, 617 (Fla. 3d DCA 2016), for the general rule that the defendant is the prevailing party when a plaintiff voluntarily dismisses an action. Valencia countered that there was no contractual or statutory basis for an award of fees but that assuming fees were available, Valencia should be considered the prevailing party because "[a]s a result of the litigation, the Defendants were forced to provide documents (agreements) requested and the Defendants were forced to execute a separate and distinct agreement clarifying its obligations to the Plaintiff, just as was demanded in the Complaint."

The trial court entered an order granting the appellees' motion to tax attorneys' fees and costs, as to entitlement only, pursuant to sections 720.305 and 57.105, Florida Statutes (2015). Thereafter, the court rendered the final judgment for fees and costs in the amount of $34,887.58.

"In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." Thornber v. City of Fort Walton Beach, 568 So. 2d 914, 919 (Fla. 1990). However, this case falls under the exception, rather than the general rule. As the Fourth District stated in Kelly v. Bankunited, FSB, 159 So. 3d 403, 407 (Fla. 4th DCA 2015):

> [I]n a situation *where both Appellant and Appellee compromised* in effectively agreeing to a settlement to end their litigation, we will not hold Appellee responsible for payment of Appellant's attorneys' fees, as Appellee's dismissal of the pending complaint following the settlement was the obvious and appropriate course of action. Where a plaintiff's voluntary dismissal results in neither party

substantially prevailing in the litigation outcome, neither party is the prevailing party for purposes of attorneys' fees.

See also Tubbs v. Mechanik Nuccio Hearne & Wester, P.A., 125 So. 3d 1034, 1041 (Fla. 2d DCA 2013) ("A court may look behind a voluntary dismissal at the facts of the litigation 'to determine whether a party is a "substantially" prevailing party.' " (quoting Walter D. Padow, M.D., P.A. v. Knollwood Club Ass'n, 839 So. 2d 744, 745 (Fla. 4th DCA 2003))).  The purpose of section 57.105 is to deter misuse of the judicial system and discourage needless litigation.  Kelly, 159 So. 3d at 406.  "[T]o declare [appellees] the prevailing part[ies] and entitled to attorneys' fees under these facts would be contrary to that goal."  Id.; see also Tubbs, 125 So. 3d at 1041.  We reach this result to avoid penalizing Valencia with a substantial assessment of attorneys' fees for dismissing their claims where a continuation of the lawsuit "would have been a waste of resources."  See Padow, 839 So. 2d at 746.

Accordingly, we reverse the final judgment awarding attorneys' fees and costs to Orangetree HOA and CRS.

Reversed.


SILBERMAN and LENDERMAN, JOHN C., ASSOCIATE SENIOR JUDGE Concur.