DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ISOLA BELLA HOMEOWNERS ASSOCIATION, INC.,**
Appellant,

v.

**RONALD CLEMENT** and **MARTINE J. CLEMENT,**
Appellees.

No. 4D20-2306

[October 27, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2019-CA-000284-XXXX-MB.

Lawrence A. Shendell of Shendell & Associates, P.A., Deerfield Beach, for appellant.

Scott R. Haft of Haft Law Group, P.A., West Palm Beach, for appellees.

DAMOORGIAN, J.

Isola Bella Homeowners Association, Inc. ("the Association") appeals the trial court's order denying its motion for prevailing party attorney's fees. For the reasons discussed below, we reverse.

The Association is a homeowners' association that operates the Villages of Windsor community. Ronald and Martine Clement ("the Homeowners") own a home in the community and decided to have a fence installed on their property. Pursuant to the Association's Declaration of Covenants, Conditions, Restrictions and Easements ("the declaration"), improvements to property of any kind, including the construction of a fence, must be pre-approved by the Association's Architectural Review Committee ("ARC"). Consistent with the declaration, the Homeowners submitted an application with ARC to install the fence and included a copy of the plans drafted by their fencing company. Within the application, the Homeowners acknowledged that "[m]odifications are not permitted in any easement (drainage, overhang/maintenance or any other easement)."

ARC ultimately approved the application, and the fence was installed. It is undisputed that a portion of the fence encroached on a roof overhang easement that was created by the declaration for the benefit of the adjacent homeowners. The Association requested the Homeowners relocate the encroaching portions of the fence, but they refused.

The Association thereafter filed a complaint for injunctive relief. The only relief sought in the complaint was an order requiring the Homeowners "to comply with all provisions of the Declaration" and "directing [the Homeowners] to remove the portions of the fence that are located on an easement and/or that block access to an easement in any manner." The Homeowners answered the complaint and admitted the fence "block[ed] the overhang easement," that the Association requested they remove portions of the fence, and that they refused to remove the fence. The Homeowners also raised affirmative defenses.

Following court-ordered mediation, the parties entered into a partial settlement agreement wherein the Homeowners "agreed to remove the portions of the fence that are within the overhang easement that benefits the neighboring property owner as requested in Plaintiff's Complaint." The settlement was identified as a "partial settlement" only because the parties could not agree on the issue of entitlement to attorney's fees. The parties thereafter filed a joint stipulation for dismissal and asked the court to adopt the settlement agreement, dismiss the action, and retain jurisdiction to enforce the agreement and determine the Association's entitlement to attorney's fees. The court did as requested and adopted the settlement agreement, dismissed the action, and retained jurisdiction to enforce the agreement and determine entitlement to fees.

Prior to the court adopting the settlement agreement, the Association timely moved for prevailing party attorney's fees under section 720.305, Florida Statutes, and the fee provision in the declaration. The Homeowners opposed the motion, arguing that although the Association ultimately obtained the relief requested in the complaint, the Association did not "prevail" because the Homeowners did not admit any wrongdoing in the settlement agreement. Without conducting an evidentiary hearing or providing any reasoning in its written order, the court denied the Association's motion for prevailing party attorney's fees.

On appeal, the Association argues the trial court erred in denying its motion for prevailing party attorney's fees. The Association maintains that it is entitled to fees because it prevailed below by obtaining the exact relief sought in the complaint, namely compliance with the declaration and removal of the encroaching fence. We agree.

The "prevailing party" for purposes of entitlement to attorney's fees is "the party prevailing on the significant issues in the litigation." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). Generally speaking, "when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation." *Alhambra Homeowners Ass'n v. Asad*, 943 So. 2d 316, 318 (Fla. 4th DCA 2006). This general rule, however, is not without exception and "[a] court may look behind a voluntary dismissal at the facts of the litigation to determine whether a party is a 'substantially' prevailing party." *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1041 (Fla. 2d DCA 2013) (citation and internal quotation marks omitted).

This Court's holding in *Padow v. Knollwood Club Ass'n,* 839 So. 2d 744 (Fla. 4th DCA 2003), is instructive. In that case, a condominium association sued a unit owner for unpaid maintenance assessments. *Id.* at 745. After the association filed suit, the owner paid the association an amount representing a substantial part of the association's claims. *Id.* The association ultimately decided that it was not worthwhile continuing the litigation over a relatively small remaining balance and moved to voluntarily dismiss its complaint. *Id.* The owner thereafter moved for prevailing party attorney's fees, which the county court denied. *Id.* In affirming the county court's decision, we explained that the owner "cannot be a 'prevailing party' within the meaning of section 718.303(1) because he paid the substantial part of the association's claim for delinquent assessments prior to the voluntary dismissal." *Id.* at 746. Under such circumstances, "to declare [the owner] the prevailing party in this case would be contrary to a goal of the statute, which is to discourage needless litigation by encouraging settlement." *Id.*; *accord Blue Infiniti, LLC v. Wilson,* 170 So. 3d 136, 139 (Fla. 4th DCA 2015). Thus, "*Padow* teaches that courts must look to the substance of litigation outcomes—not just procedural maneuvers—in determining the issue of which party has prevailed in an action." *Tubbs,* 125 So. 3d at 1041.

Consistent with the rationale espoused in *Padow,* when a case is voluntarily dismissed following a court-approved settlement agreement, there can be a prevailing party depending on the outcome of the settlement. *See Mady v. DaimlerChrysler Corp.*, 59 So. 3d 1129, 1133–35 (Fla. 2011) (noting that "[t]he United States Supreme Court has held that settlement agreements enforced through a consent decree may serve as a basis for an award of attorneys' fees," and holding that where, as here, a court not only approves of the settlement agreement but also retains jurisdiction to enforce the agreement, "the resulting settlement contains

3

the requisite judicial imprimatur to classify a plaintiff as a prevailing party"); *see also Walker v. Dist. of Columbia*, 798 F. Supp. 2d 48, 51–52 (D.D.C. 2011) (recognizing that the involvement of, and approval by, a court in a settlement agreement is probative of whether a party can claim prevailing party fees).

In the present case, although the Association voluntarily dismissed its action after the parties entered into a court-approved settlement agreement, this is not a situation where both parties compromised in an effort to settle the dispute. *Cf. Kelly v. BankUnited, FSB*, 159 So. 3d 403, 404–07 (Fla. 4th DCA 2015) (although the foreclosure action was voluntarily dismissed after the parties entered into a short sale agreement, neither party prevailed for purposes of awarding attorney's fees because both parties compromised). Rather, under the settlement agreement, the Association uncompromisingly obtained the only relief sought on the only issue raised in this litigation: compliance with the declaration and removal of the encroaching fence. This was sufficient for the Association to be considered the prevailing party. *See Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 907 (11th Cir. 2003) ("In this case, [plaintiff's] original complaint solely sought relief in the form of monetary damages for the § 1983 claims. Under the settlement agreement, [plaintiff] received monetary damages on [his] § 1983 claims. This is sufficient for [plaintiff] to be considered the prevailing party."); *see also Augustin v. Health Options of S. Fla., Inc.*, 580 So. 2d 314, 315 (Fla. 3d DCA 1991) (holding, in an action to compel payment for medical services, that defendant's decision during the pendency of the action to change its position and make full payment as requested in the complaint "was the functional equivalent of a judgment or verdict in favor of the plaintiff and therefore entitled the plaintiff to an award of attorney's fees . . . as the prevailing party below"); *51 Island Way Condo. Ass'n v. Williams*, 458 So. 2d 364, 366 (Fla. 2d DCA 1984) (although defendants remedied the dispute and moved to dismiss the case as moot on the day of trial, plaintiff was the prevailing party because, by remedying the dispute, defendants "evinc[ed] their deliberate choice not to contest the [plaintiff's] position" and acceded to plaintiff's request for relief).

Accordingly, we reverse and remand for further proceedings to award the Association attorney's fees as the prevailing party below.

*Reversed and remanded.*

GROSS and MAY, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*