832 So.2d 184 (2002)
MERCHANTS BONDING COMPANY (MUTUAL), Appellant,
v.
CITY OF MELBOURNE, et al., Appellees.
No. 5D01-2808.
District Court of Appeal of Florida, Fifth District.
November 22, 2002.
Hala A. Sandridge of Fowler, White, Boggs, Banker, P.A., and Jeffrey M. Paskert of MillsPaskert & Divers, P.A., Tampa, for Appellant.
Suzanne A. Novak, Assistant City Attorney, City of Melbourne, Melbourne, for Appellee.
SHARP, W., J.
Merchants Bonding Company appeals from an order which denied its request for *185 an award of attorney's fees, in a suit brought against it and its principal, Continental Acreage Development Company, by the City of Melbourne. Continental contracted with the City to replace a sewer line and Merchants furnished the performance and payment bond for Continental in connection with the project. The trial judge denied attorney's fees to both Merchants and the City, but only Merchants appealed this ruling. We affirm.
The case below was vigorously prosecuted and defended. The City filed a two-count complaint against Continental for breach of contract and against Merchants under the bond. Continental filed an answer with affirmative defenses and a counterclaim for breach of warranty, negligent misrepresentation, wrongful termination, quantum meruit, and unjust enrichment. Merchants filed an answer denying liability and asserting numerous affirmative defenses.
A six-day trial ensued. We do not have a copy of the transcript. On April 3, 2001, the trial judge entered a final judgment denying relief to all parties. It found Continental breached its contract by failing to obtain written change orders as required, although there was evidence the City accepted deviations from the original contract.
The judge also found the City committed economic waste or failed to mitigate damages. When the City ordered Continental off the project, Continental had provided acceptable work valued at $145,000.00, the amount the City had paid Continental. This left a balance of $136,000.00, which the City withheld.
The court found the project could have been completed for this amount, but the City refused to let Continental continue. The City used Continental's sewer system for more than one and one-half years. It then removed it and reinstalled another sewer system. The judge found it was unnecessary for the City to have destroyed and replaced Continental's system. It denied any damage award to any party.
Merchants asserts it is entitled to an award of attorney's fees as the prevailing party, pursuant to the contract between the City and Continental, and section 57.105(2). The contract contained the following provision:
If, on account of any breach or default or failure to perform by the Contractor of the Contractor's obligations under the terms and conditions herein, it shall become necessary for the Owner to employ an attorney to enforce or defend any of the Owner's rights or remedies hereunder, the Contractor agrees to pay all costs and a reasonable attorney's fee incurred by the Owner in such connection, including attorney's fees and costs in any appeals.
Section 57.105(2) renders bilateral, a unilateral contract clause for prevailing party attorney's fees, such as the one quoted above. Indemnity Ins. Co. of North America v. Chambers, 732 So.2d 1141 (Fla. 4th DCA 1999).[1]
Because of its suretyship position, Merchants argues it is entitled to the benefit of the attorney's fee provision in the contract between the City and Continental. By failing to dispute this claim on appeal, *186 the City has abandoned this issue. See Sireci v. State, 773 So.2d 34 (Fla.2000); Raskin v. Community Blood Centers of South Florida, Inc., 699 So.2d 1014 (Fla. 4th DCA 1997), rev. denied, 707 So.2d 1124 (Fla.1998).
In trying to determine who was the prevailing party in this litigation, the trial judge said this was one of his most difficult cases. He posed the following question to counsel:
If, for the sake of argument, Merchants prevailed in the sense that they defeated the claim against them, does that make them a, quote, unquote, prevailing party under the line of cases defining prevailing parties?
Where I'm wrestling with is it seems like most of the prevailing party cases are the two contestants in the battle, if you will, which would be Continental and Melbourne. And that was fought to a draw.
Merchants is a collateral party, if you will. They were brought in by virtue of their being a surety to Continental.
We agree with the trial judge that Merchants would be entitled to an award of prevailing party attorney's fees as the surety, under the contract between Continental and the City, if Continental were the prevailing party. Merchants' sole claim to attorney's fees rises and falls under the contract between Continental and the City. Had it prevailed on a defense applicable to it in its capacity as a surety, such as no liability under the bond, then its surety status as to Continental would have vanished, along with any right to claim under its principal's contract with the City. However, Merchant did not prevail on its own defenses. It was not held liable for damages solely because Continental was not found liable.
In breach of contract actions such as the present case, some districts have held the trial judge must designate one party as the prevailing party. See, e.g., Green Companies, Inc. v. Kendall Racquetball Investment, Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995); Lucite Center, Inc. v. Mercede, 606 So.2d 492 (Fla. 4th DCA 1992); Reinhart v. Miller, 548 So.2d 1176 (Fla. 4th DCA 1989).
However, the second district in KCIN, Inc. v. Canpro Investments, Ltd., 675 So.2d 222, 223 (Fla. 2d DCA 1996) adopted a more flexible rule:
Prevailing party attorney's fees are just and proper in the majority of contract litigation. We are concerned, however, with contracts that fail as a result of fault by both contracting parties. A rule which requires an award of prevailing party attorney's fees in all cases may result in an unjust reward to a party whose conduct caused the failure of the contract. The rule is especially inequitable in the ever increasing number of cases in which the attorney's fees far exceed the claims for damages arising from the contract.
In a recent case, this court agreed with the second district. Lasco Enterprises, Inc. v. Kohlbrand, 819 So.2d 821 (Fla. 5th DCA 2002).
This is a classic case where two parties fought to a draw; no one won and no one lost. The trial court found Continental breached its contract by failing to get written change orders, but it also found the City was "wrong" in destroying and replacing Continental's sewer system, after using it for one and one-half years, when it was not necessary to do so. Thus logically, the City was not entitled to any damages, Continental was not entitled to additional payment, and Merchants was not liable on Continental's behalf to complete the project. Both contracting parties were *187 at fault. In these circumstances, the judge had the discretion to determine that no party prevailed.
AFFIRMED.
THOMPSON, C.J., concurs.
SAWAYA, J., concurs in result only.
NOTES
[1] Section 57.105(2), now section 57.105(5), provides as follows:

If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.