RAY, J.
The State charged inmate Michael W. Joseph III with an organized scheme to defraud the United States Government of $50,000 or more, in violation of section 817.034(4)(a)l., Florida Statutes (2008). Prior to trial, Joseph filed an amended motion to suppress or motion in limine to exclude all evidence allegedly obtained and disseminated by the State in violation of specific provisions in Title 26 United States Code, governing the confidentiality and wrongful disclosure of tax returns and return information. §§ 6103 and 7213. The trial court determined that the State obtained the tax documents in question in violation of federal law. Because Congress has enacted other sanctions for violating the federal provisions at issue, and *673 suppression of such evidence is not an appropriate remedy, the court denied the motion to suppress. Nowicki v. Comm’r of Internal Revenue, 262 F.3d 1162, 1163-64 (11th Cir.2001); United States v. Sumpter, 133 F.R.D. 580, 584-85 (D.Neb.1990). Nonetheless, the court granted the motion in limine and excluded the tax documents the State anticipated introducing as evidence in Joseph’s trial. The court concluded that the State did not obtain the documents through the proper federal procedures and that permitting witnesses to testify at trial regarding the documents would subject them to federal prosecution for unlawful disclosure of confidential tax information. The State appeals this ruling. We affirm the denial of the motion to suppress; for the reasons that follow, we reverse the order granting the motion in limine and remand for further proceedings.
Joseph was already in prison for a different offense when, according to the State, he devised a systematic, ongoing scheme to defraud the United States Government by preparing and mailing to the Internal Revenue Service (IRS) numerous fraudulent tax returns and forms, using other inmates’ names and social security numbers, to obtain refunds to which Joseph was not entitled. Prison authorities discovered the apparent scheme during a routine search of outgoing, non-legal prison mail, when a Department of Corrections (DOC) mail clerk discovered a package containing what purported to be twenty-one tax returns and other tax forms of ten different inmates (none of them Joseph’s). The postal clerk became suspicious. All the envelopes containing these tax documents were addressed to the IRS. Several of the tax forms had the same return address and bank account information. The clerk turned over these documents to the DOC inspector general, who discovered the address used on the tax forms was that of Joseph’s mother. Prison authorities copied the forms, returned the originals to be mailed, and disclosed the copies to various law enforcement entities. Authorities obtained a search warrant, set up a postal trap, and seized IRS refund checks that were mailed to Joseph’s mother’s residence.
Section 6103(a) sets out the general rule that “[r]eturns and return information shall be confidential,” except as otherwise stated in this title. Section 7213(a)(2) governs “[sjtate and other employees” and makes it unlawful for any person not described in a preceding paragraph governing “[fjederal employees and other persons” “willfully to disclose to any person, except as authorized in this title, any return or return information” (as defined in section 6103(b)) acquired by him or another person under various enumerated subsections of section 6103. A violation of this provision is “a felony punishable by a fine ... not exceeding $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution.” § 7213(a)(2). A related statute proscribes the willful inspection of wrongfully disclosed returns or return information. 26 U.S.C. 7213A(a).
The issue before the trial court was whether the State, in obtaining and disclosing the tax documents in question, violated section 6103 and the related provisions in section 7213. Matters of statutory interpretation are subject to de novo review. State v. Burris, 875 So.2d 408, 410 (Fla.2004). Thus, we must determine whether these federal laws apply to the evidence offered by the prosecution.
Joseph claimed that the seized tax documents are confidential under section 6103(a) and were wrongfully intercepted and willfully disseminated in violation of federal law. Additionally, defense counsel and the trial judge expressed concerns that any witness(es) who may be called to testify about these tax materials would be *674 subject to federal prosecution for unlawful disclosure of confidential tax information. § 7213(a)(2).
The State countered that because the authorities obtained the fraudulent documents from the prison non-legal mail pursuant to routine, lawful procedures and from Joseph’s mother’s residence pursuant to a valid search warrant, and not from the Secretary of the Treasury (Secretary) or the IRS, the documents are not subject to the confidentiality provisions of section 6103 and were not wrongfully disclosed. The State indicated it would call one federal employee, a United States postal inspector who had no role in seizing or searching the tax documents. The trial court rejected the prosecution’s position and excluded this evidence based on its findings the State failed to follow well-established federal procedures and facilitated the wrongful disclosure of protected tax information.
Section 6103(a) covers only returns and return information. The State attempts to distinguish the tax documents at issue from either “returns” or “return information,” as defined in this statute, which states:
The term “return” means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.
§ 6103(b)(1) (emphasis added). The other provision states in pertinent part:
The term “return information” means— (A) a taxpayer’s identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, over-assessments, or tax payments, whether the taxpayer’s return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.
§ 6103(b)(2)(A) (emphasis added).
Construing the provisions of sections 6103 and 7213 in pari materia, the State argues that these sections preclude the IRS from disclosing confidential tax information except as authorized by section 6103. These sections also preclude disclosure of confidential tax information by state employees who receive the information from the IRS in the scope of their duties. More to the point, the State contends that tax information received by way of a source other than the IRS, and not passing through the IRS, does not fall within the prohibited disclosures. Because these are federal statutes, their meaning is a matter of federal law. Stein v. Paradigm Mirasol, LLC, 586 F.3d 849, 854 (11th Cir.2009); Snavely Siesta Assocs., LLC v. Senker, 34 So.3d 813, 816 (Fla. 2d DCA 2010). The case law construing these statutes supports the State’s position. See, e.g., Baskin v. United States, 135 F.3d 338, 342 (5th Cir.1998) (Section 6103 “requires that the source of the disclosed information must have been the IRS in order for there to be a violation of the general prohibition against disclosure of return information.”); Ryan v. United States, 74 F.3d 1161, 1163 (11th Cir.1996) (“Section 6103 of Title 26 protects only information filed with and disclosed by the IRS, not all information relating to any tax matter.”); Stokwitz v. United States, 831 F.2d 893, 895 (9th Cir.1987) (“Section 6103 *675 establishes a comprehensive scheme for controlling release by the IRS of information received from taxpayers to discrete identified parties, subject to specified conditions”) (emphasis in original); Jade Trading, LLC v. United States, 65 Fed.Cl. 188, 195 (Fed.Cl.2005) (Section 6108 prohibits disclosure of tax return and return information “only by the IRS itself.”); Shell Petroleum, Inc. v. United States, 46 Fed.Cl. 719, 722 (Fed.Cl.2000) (“Section 6103 does not prohibit the disclosure of tax return information that comes from a source other than the IRS.”).
Given that the evidence at issue in the instant case did not come from, and was not disclosed by, the IRS, the confidentiality and wrongful disclosure provisions in sections 6108 and 7213 do not apply. The evidence indicating that the tax documents were en route to the IRS (or in the process of being “filed with” or “furnished to” the IRS) when prison officials seized and searched them does not compel a different result; nor does the fact that the refund checks and other information obtained during the search of Joseph’s mother’s residence had been previously processed by the IRS. See Stokwitz, 831 F.2d at 897 (finding no violation of section 6103 when naval employees seized copies of employee’s tax returns through a search of his office and disclosed them to naval investigators because the tax information was not obtained directly or indirectly from the IRS). This narrow construction of section 6103 adopted by the federal courts is consistent with legislative intent. As explained by Stokwitz:
The legislative history of section 6103 indicates Congress’s overriding purpose was to curtail loose disclosure practices by the IRS. Congress was concerned that IRS had become a “lending library” to other government agencies of tax information filed with the IRS, and feared the public’s confidence in the privacy of returns filed with IRS would suffer. See 122 Cong.Rec. 24013 (1976) (remarks of Sen. Weicker). The Senate Report explained: “[T]he IRS probably has more information about more people than any other agency in this country. Consequently, almost every other agency that has a need for information ... logically seeks it from the IRS.” S.Rep. No. 938, 94th Cong., 2nd Sess. 316-17, reprinted in 1976 Code Cong. & Admin.News 2897, 3746. Congress also sought to end “the highly publicized attempts to use the Internal Revenue Service for political purposes” involving delivery of tax returns to the White House by the IRS, see 122 Cong.Rec. 24013 (1976) (Remarks by Sen. Dole); and to regulate “the flow of tax data from the IRS to State Governments ...” Id. (remarks of Sen. Weicker). In short, section 6103 was aimed at curtailing abuse by government agencies of information filed with the IRS. See S.Rep. No. 938, 94th Cong., 2nd Sess. 318-19, 345, reprinted in 1976 Code Cong. & Admin.News 3747-48, 3774-75; see also Chamberlain v. Kurtz, 589 F.2d 827, 835 (5th Cir.1979).
831 F.2d at 894-95 (internal footnote omitted).
Because the tax documents at issue in this appeal were obtained independently of the IRS, the State did not violate the “wrongful disclosure” provisions of sections 6103 and 7213. Thus, the instant record presented no basis for the concerns that any prospective witness who testifies about the authenticity and content of these tax documents could risk federal prosecution. We reverse the order granting the motion in limine and remand for further proceedings.
DAVIS and THOMAS, JJ., concur.