IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL A. CREWS, Secretary,
Florida Department of Corrections,

     Appellant,

v.                          CASE NO. 1D13-4714

SAMUEL STROTHER,

     Appellee.

_____/

Opinion filed September 11, 2014.

An appeal from the Circuit Court for Leon County.
Charles A. Francis, Judge.

Jennifer Parker, General Counsel, Department of Corrections, Tallahassee; Pamela Jo Bondi, Attorney General, Susan A. Maher, Chief Assistant Attorney General, Corrections Litigation, Lance Eric Neff and C. Ian Garland, Assistant Attorneys General, Tallahassee, for Appellant.

Samuel Strother, pro se, Appellee.

OPINION ON MOTION FOR REHEARING

THOMAS, J.

This cause is before us on Appellant's Motion For Rehearing Or Clarification. We grant the motion and, accordingly, withdraw our former opinion filed on June 11, 2014, and substitute this opinion in its place.

Factual Background

Appellee initially filed a petition for a writ of mandamus in the Lafayette County Circuit Court. That mandamus petition asserted that section 57.085(5), Florida Statutes, allows DOC to withdraw money from an inmate's trust account to pay a lien only when the balance of the trust account exceeds $10 and, because Appellee only had $10 in his account, DOC was without statutory authority when, on January 19, 2011, it removed $9.50 and imposed a 50¢ processing fee. The Lafayette County Circuit Court denied Appellee's mandamus petition, finding that Appellee misread section 57.085(5) and DOC was correct in its interpretation of the statute. Appellee sought review of this order by filing a petition for certiorari in this court in case number 1D11-2345. This court issued an order informing Appellee that the lower court's denial of his mandamus petition was properly reviewable by appeal and providing Appellee the opportunity to file an initial brief, but noting that failure to file a brief could result in dismissal. Appellee failed to file an initial brief in case 1D11-2345 and, on August 12, 2011, this court dismissed the converted appeal without reaching the merits of the statutory interpretation issue.

Approximately six months later, Appellee filed another petition for writ of mandamus in Lafayette County, which was transferred to Leon County. This second mandamus petition, the basis for this appeal, again asserted that DOC

violated section 57.085(5) by removing the $10 balance in Appellee's inmate trust account after he received another $10 deposit on December 12, 2011. DOC asserted that Appellee misinterpreted the statute. DOC filed a motion for sanctions, asserting that Appellee had raised the same issue in its previous mandamus petition, and arguing that Appellee's current mandamus petition should be dismissed as frivolous and sanctions should be imposed for his attempt to re-litigate the issue. DOC's motion did not reference the doctrine of *res judicata*, but argued that the petition should be dismissed as frivolous pursuant to section 57.085(9)(c), (d).

The Leon County Circuit Court entered an order granting mandamus relief, agreeing with Appellee's interpretation of section 57.085(5). DOC filed a motion for rehearing, asserting that the court failed to address why *res judicata* did not bar Appellee from re-litigating the same issue from his previous case, which was adversely decided against him and in favor of the opposing party. In response, the lower court entered an amended order granting mandamus relief, but did not address DOC's *res judicata* argument and only amended its original order to reflect that Appellee should be refunded $9.50 from the clerk of court and the 50¢ processing fee from DOC.

## Analysis

Before addressing the statutory interpretation issue, this court will address DOC's argument that the lower court erred in interpreting section 57.085, as the doctrine of *res judicata* barred Appellee from re-litigating the issue after being denied relief in another court. Whether the application of *res judicata* was proper is a question of law that is reviewed *de novo*. Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1259 (Fla. 2006).

"Res judicata bars a subsequent lawsuit when there is: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claim is made." AMEC Civil, LLC v. State, Dep't of Transp., 41 So. 3d 235, 239-40 (Fla. 1st DCA 2010).

Here, because DOC has failed to establish that all four elements have been met, we find that *res judicata* does not apply. In particular, the identity of the thing sued for has not been established, as Appellee's second mandamus petition was not based upon DOC's removal of the same $10 from his inmate trust account as in the previous proceeding. See, e.g., Morgan v. State, 94 So. 3d 677 (Fla. 4th DCA 2012) (holding that a second petition to authorize treatment and administration of psychotropic medication was for a different 90-day period and was therefore not the same thing sued for previously and *res judicata* did not apply).

"Matters of statutory interpretation are subject to de novo review." State v. Joseph, 94 So. 3d 672, 673 (Fla. 1st DCA 2012) (citing State v. Burris, 875 So. 2d 408, 410 (Fla. 2004)).

Here, we have reconsidered our prior interpretation of section 57.085(5) and find that the lower court's interpretation of the statute is erroneous. Section 57.085, Florida Statutes (2012), states in pertinent part:

> (5) When the clerk has found the prisoner to be indigent, the court shall order the prisoner to make monthly payments of no less than 20 percent of the balance of the prisoner's trust account as payment of court costs and fees. When a court orders such payment, the Department of Corrections or the local detention facility shall place a lien on the inmate's trust account for the full amount of the court costs and fees, and shall withdraw money maintained in that trust account and forward the money, when the balance exceeds $10, to the appropriate clerk of the court until the prisoner's court costs and fees are paid in full.

DOC's original briefing of this issue asserted that the clause "when the balance exceeds $10" gave effect to when DOC shall *forward* to the appropriate clerk of court the money "already withdrawn" from an inmate's account, and did not, as interpreted by the lower court, give effect to when DOC *shall withdraw* funds from an inmate's trust account. We originally held that this argument ignores the plain language of the statute, and that the only mention of a "balance" or an "account" is in reference to the inmate's trust account, and not some unreferenced account that DOC has created for holding up to $10 in funds that

have been removed from the inmate's trust account, to be held until the balance is more than $10 and then forwarded to the appropriate clerk of court. DOC's motion for rehearing, however, asserted that this Court's opinion was founded upon a misapprehension of how the inmate trust fund operates. Based upon DOC's clarification of its argument in its motion for rehearing, we find that our previous opinion was based upon a misunderstanding regarding how DOC interpreted the applicable statute, and we are now persuaded by DOC's interpretation. In particular, although throughout its briefs DOC referenced funds "already withdrawn," it has clarified that it does not withdraw funds from an inmate's trust account when the balance is under $10 and hold the funds in a separate location before forwarding to the applicable clerk of court once it exceeds $10. Instead, DOC has made clear that it simply places a hold on the account and, once there is $10 in the account, the funds are withdrawn and forwarded to the appropriate clerk of court.

DOC also bolstered its interpretation of the meaning of the phrase "when the balance exceeds $10" by directing this Court's attention to the first sentence of section 57.085(5), which provides that a court, in assessing court costs and fees, enters an order for DOC to place a lien for the "prisoner to make monthly payment of no less than 20 percent of the balance of the prisoner's trust account as payment of the court costs and fees." We agree with DOC that this language does not

provide a maximum that DOC may remove from an inmate's account, nor does it provide that an inmate may retain $10 in the account that may not be collected for payment against the inmate's lien. As such, we conclude that the full balance of an inmate's trust account may be withdrawn by DOC and forwarded to the applicable clerk of court when the balance exceeds $10.

With these clarifications of DOC's argument in mind, we agree with DOC's argument from its briefs that when section 57.085(5) is read *in pari materia* with section 945.215(1)(f), Florida Statutes, that the legislature authorized DOC to prevent an inmate from accessing his or her trust account to spend personal funds on items from the prison canteens when that inmate still has a lien against his individual account. Specifically, section 945.215(1)(f), provides:

> (f) Notwithstanding any other provision of law, inmates with sufficient balances in their individual inmate bank trust fund accounts, after all debts against the account are satisfied, shall be allowed to request a weekly draw of up to an amount set by the Secretary of Corrections, not to exceed $100, to be expended for personal use on canteen and vending machine items.

§ 945.215(1)(f), Fla. Stat. (emphasis added). Thus, pursuant to section 945.215(1)(f), DOC may prevent an inmate from requesting a weekly draw for personal use on canteen and vending machine items when all debts against the inmate's account are not satisfied by placing a hold on the balance of the inmate's account.

7

Here, as Appellee still has an unsatisfied debt, i.e. a lien on his account pursuant to section 57.085, DOC may place a hold on his inmate trust account. Read in accordance with section 57.085(5), DOC may hold the funds in Appellee's account, withdrawing and forwarding to the applicable clerk of court the balance of Appellee's inmate trust account when it exceeds $10. Accordingly, we reverse the lower court's order granting mandamus relief.

REVERSED and REMANDED.

BENTON and VAN NORTWICK, JJ., CONCUR.