# Third District Court of Appeal

## State of Florida

Opinion filed April 4, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1880
Lower Tribunal No. 09-48177
_____

**Katherine Radosevich,**
Appellant,

vs.

**The Bank of New York Mellon,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Legal Save, and Jeffrey H. Papell, for appellant.

McGlinchey Stafford, PLLC, and Karin L. Posser, N. Mark New, II and William L. Grimsley (Jacksonville), for appellee.

Before EMAS, FERNANDEZ and LUCK, JJ.

EMAS, J.

**INTRODUCTION**

Katherine Radosevich appeals from the trial court's order denying her motion for trial-level attorney's fees as the "prevailing party" in the mortgage foreclosure action below. For the reasons that follow, we reverse and remand for the trial court to conduct a further hearing, as may be appropriate, to determine whether Radosevich remains entitled to an award of attorney's fees as the prevailing party.

**FACTS AND BACKGROUND**

On June 25, 2009, the Bank of New York Mellon, etc. ("BONY") filed a two-count complaint against Radosevich, seeking (1) to foreclose on a note and mortgage; and (2) to reclaim a lost note. Attached to the complaint was a copy of a unendorsed note, naming Countrywide Home Loans, Inc. as the lender. More than a year after the complaint was filed, BONY filed another copy of the original note, which this time contained an undated blank endorsement, along with an assignment dated July 21, 2009, but with an effective date of May 19, 2009.

The case proceeded to non-jury trial on May 7, 2013. The court denied BONY's request to admit the loan payment history, based upon a determination that BONY's witness was not credible. After BONY rested its case, counsel for Radosevich[1] moved for involuntary dismissal, arguing there were discrepancies in

---

[1] Radosevich was represented throughout the foreclosure proceedings below, and on appeal, by attorney Jeffrey H. Papell, with whom she had entered into a

2

the copy of the note filed with the complaint and the later-filed copy of the note, and that the mortgage assignment was dated after the complaint was filed. The trial court granted the motion, and entered an order of dismissal. The court later denied BONY's motion for reconsideration or new trial, and BONY appealed the dismissal order to this court (Case No. 3D13-2280).

In the meantime, Radosevich moved for trial court attorney's fees and costs as the prevailing party, pursuant to section 57.105(7), Florida Statutes[2] and a prevailing party provision in the note and mortgage. While the appeal of the dismissal order was still pending, an agreed order was entered below on Radosevich's motion for trial court attorney's fees and costs, which stated:

---

representation agreement. That agreement provided that Papell's firm "may seek attorney's fees from Plaintiff under applicable law should Client prevail or the case is dismissed." Under the terms of this agreement, Radosevich also confirmed that she had "been told and agree that I cannot waive, settle, resolve, assign or otherwise transfer or dispose of the Firms' claim for attorney's fees and costs and that I have assigned and transferred to [the Firm] any right I may have to recover unpaid attorney's fees and costs."

[2] Section 57.105(7) provides: "If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." Thus, "[t]he statute makes a unilateral contract clause for attorney's fees bilateral in effect." Mihalyi v. LaSalle Bank, N.A., 162 So. 3d 113, 115 (Fla. 4th DCA 2014). It is undisputed in this case that the mortgage contract provided for an award of attorney's fees to BONY in the event it prevailed in a foreclosure action against Radosevich. Thus, pursuant to section 57.105(7), Radosevich would also be entitled to her attorney's fees in the event that she is determined to be the prevailing party.

3

1. Defendant's Amended Motion for Attorney's Fees and Costs is **GRANTED** as to entitlement pending the outcome of the appeal.

2. The parties are in agreement that no hearing regarding the amount of attorney's fees shall be heard until the appeal has been resolved.

Following the completion of briefing in the appeal of the dismissal order, BONY filed a notice of voluntary dismissal, which was recognized by this court.[3] Thereafter, this court, in an unelaborated order, denied Radosevich's motion for appellate fees and costs.

Back in the trial court, Radosevich sought a hearing to determine the reasonable amount of trial-level attorney's fees she should be awarded, pursuant to the court's earlier order granting entitlement. BONY objected, and the trial court held a non-evidentiary hearing on the issue. At the hearing, BONY argued that Radosevich's entitlement to fees and costs had not yet been established because the trial court's prior order granted entitlement "pending the outcome of the appeal," and, because the appeal had been voluntarily dismissed due to a short sale, neither party was a "prevailing party" entitled to an award of fees and costs.

The trial court denied Radosevich's entitlement to fees and costs, determining that "the clear and unambiguous language in the Entitlement Order . . .

---

[3] There are no settlement or other supporting documents in the record before us, and according to Papell, if any such settlement occurred, it was done without any notice to Papell. In its notice of voluntary dismissal, BONY represented that it had approved a short sale of Radosevich's property.

requires the Court to consider and make a determination as to the outcome of the Appeal," and thus, under the case of Kelly v. BankUnited FSB, 159 So. 3d 403 (Fla. 4th DCA 2015), "the outcome of the Appeal was a voluntary dismissal of the Appeal by Plaintiff after the closing of a short sale," and "Papell is not entitled to an award of trial court attorney's fees and costs." This appeal followed.

### ANALYSIS

We generally review an order on a motion for attorney's fees for an abuse of discretion. Lopez v. Dep't of Rev., 201 So. 3d 119 (Fla. 3d DCA 2015). However, "[w]here entitlement rests on the interpretation of a statute or contract, our review is de novo." Raza v. Deutsche Bank Nat. Trust Co., 100 So. 3d 121, 123 (Fla. 2d DCA 2012). See also, Kelly, 159 So. 3d at 405.

Radosevich argues on appeal that the trial court erred in determining she was not the prevailing party in the trial court because she did prevail below and nothing that happened on appeal, including BONY's voluntary dismissal of its appeal, altered her status as prevailing party below.[4]

In Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807, 810 (Fla. 1992), the Florida Supreme Court held that "the fairest test to determine who is the prevailing

---

[4] We disagree with Radosevich that the trial court was without jurisdiction to reconsider its earlier order determining entitlement to fees. The entitlement order was an interlocutory order, determining only entitlement, and not the amount of reasonable fees to be awarded, and thus, the trial court had jurisdiction to reconsider, and alter, its earlier order. See Mills v. Martinez, 909 So. 2d 340 (Fla. 5th DCA 2005).

5

party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court."

In the case before us, the trial court, relying on Kelly, 159 So. 3d at 407, determined that Radosevich was not entitled to an award of fees and costs because, despite its voluntary dismissal of the appeal, "[BONY] received considerable proceeds in exchange for the satisfaction of the underlying mortgage and note and Radosevich lost her home and received no proceeds from the sale."

In Kelly, our sister court considered a case which similarly involved a foreclosure, final judgment, an appeal, and a subsequent voluntary dismissal by the bank following a short sale. In that case, the Fourth District held that the trial court did not abuse its discretion in determining that the property owner was not entitled to attorney's fees under section 57.105(7) because, under the "unique circumstances" of the case, "neither party substantially prevailed." Id. at 404.

As the trial court acknowledged in its order denying Radosevich's entitlement, there are some procedural differences between this case and Kelly: for example, in Kelly, unlike here, the bank prevailed below (and obtained a final judgment) in the trial court, and following the short sale, voluntarily dismissed the lower court case (not the appeal); further, in Kelly there was no entitlement order entered by the trial court prior to the bank's voluntary dismissal. By contrast, in our case, Radosevich was the prevailing party below, and the trial court had

6

already entered an entitlement order while BONY's appeal of the involuntary dismissal order was pending on appeal.

However, we cannot ignore the point made by BONY that, regardless of Radosevich's status as the prevailing party below, post-judgment actions or events arguably altered that status, permitting the trial court to determine whether such actions or events require reconsideration of its interlocutory entitlement order and Radosevich's status as the prevailing party. As the Florida Supreme Court held in Moritz, 604 So. 2d at 810, the party that prevailed for purposes of entitlement to attorney's fees is "the party prevailing on the significant issues in the litigation." Thus, where litigation ultimately ends in a proverbial "tie," with each party prevailing in part and losing in part on the significant issues in the litigation, a trial court may properly determine that neither party has prevailed for purposes of entitlement to attorney's fees. Loy v. Loy, 904 So. 2d 482, 484 (Fla. 3d DCA 2005). And while we acknowledge the general rule that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party," Thornber v. City of Fort Walton Beach, 568 So. 2d 914, 919 (Fla. 1990), a court may, under appropriate circumstances, look beyond a voluntary dismissal and consider other facts of the litigation in determining whether a party is the prevailing party for purposes of entitlement to attorney's fees. Padow v. Knollwood Club Ass'n, Inc., 839 So. 2d 744, 745 (Fla. 4th DCA 2003). Courts should "look to the substance of

7

litigation outcomes—not just procedural maneuvers—in determining the issue of which party has prevailed in an action." Tubbs v. Mechanik Nuccio Hearne & Wester, P.A., 125 So. 3d 1034, 1041 (Fla. 2d DCA 2013). In the instant case, the trial court was permitted to consider whether, upon return of this cause to the trial court following BONY's voluntary dismissal of its appeal, Radosevich remained the prevailing party at the trial level, such that she was still entitled to an award of attorney's fees.

Nonetheless, while we hold that the trial court had the authority to reconsider its earlier entitlement order, and to consider whether actions and events occurring during the pendency of the prior appeal affected that earlier determination, the fact remains that the court must make such a determination based upon the record before it, Moritz, 604 So. 2d at 810, and in this case, the record was simply inadequate for the trial court to make such a determination. In reaching its conclusion that Radosevich was no longer a prevailing party, the trial court relied upon the "fact" that a short sale took place on the foreclosed property. However, the trial court took no testimony and received no evidence regarding the existence, terms or effect of a purported short sale. Mere representations and argument of counsel do not constitute evidence. Geralds v. State, 111 So. 3d 778, 795 n.16 (Fla. 2010) (quoting Collins Fruit Co. v. Giglio, 184 So. 2d 447, 449 (Fla.

8

2d DCA 1966)) (noting "it is axiomatic that the arguments of counsel are not evidence."); <u>State v. T.A.</u>, 528 So. 2d 974 (Fla. 2d DCA 1988).

## **CONCLUSION**

We reverse and remand for the trial court to conduct a further hearing, as may be appropriate, to determine whether Radosevich remains entitled to an award of attorney's fees as the prevailing party, and for further proceedings consistent with this opinion.