DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLS FARGO BANK, N.A., AS TRUSTEE, IN TRUST FOR SASCO 2007-MLN1 TRUST,**
Appellant,

v.

**MICHAEL MOCCIA** and **DENISE C. MOCCIA,**
Appellees.

No. 4D18-0479

[November 7, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 2014-CA-001628.

Nicholas S. Agnello of Burr & Forman LLP, Fort Lauderdale, for appellant.

Millie Orrico and W. Trent Steele of Steele Law, Hobe Sound, for appellee Michael Moccia.

DAMOORGIAN, J.

Wells Fargo Bank, N.A., appeals a final judgment awarding Michael and Denise Moccia ("Borrowers") prevailing party fees pursuant to the fee provision in the mortgage and the reciprocity provisions of section 57.105(7), Florida Statutes. We reverse.

Following a failed loan modification agreement, and in an effort to avoid a full blown foreclosure proceeding, Borrowers accepted an offer from the Bank's servicer to enter into an agreement to execute a deed in lieu of foreclosure ("the Deed Agreement"). Under the Deed Agreement, Borrowers were required to execute a deed tendering the property to the Bank and vacate the property. The Deed Agreement made no mention of attorney's fees.

After Borrowers failed to comply with the terms of the Deed Agreement, the Bank filed a mortgage foreclosure complaint alleging a default under the note and mortgage. The matter ultimately proceeded to a bench trial. As part of their defense to the Bank's foreclosure action, Borrowers

introduced the Deed Agreement into evidence and argued that the Bank was estopped from bringing the foreclosure action in light of the agreement. The trial court agreed with Borrowers estoppel argument and dismissed the Bank's foreclosure action based on its finding that the Bank "entered into a settlement agreement for a Deed in Lieu of Foreclosure prior to commencement of this action." The court also reserved jurisdiction to enforce the Deed Agreement.[1]

Borrowers thereafter moved for attorney's fees pursuant to the prevailing party fee provision in the mortgage and section 57.105(7)'s reciprocal provision. The Bank objected, arguing that since the court ruled that the Deed Agreement controlled the parties' relationship, the agreement constituted a novation of the mortgage. And, since the Deed Agreement did not contain an attorney's fees provision, there was no contractual basis for the court to award Borrowers fees. Furthermore, citing to *Bank of New York Mellon Trust Co. v. Fitzgerald*, 215 So. 3d 116 (Fla. 3d DCA 2017), the Bank argued that because Borrowers successfully argued that the Bank failed to establish entitlement to enforce the note and mortgage, Borrowers could not now seek fees under the mortgage. The court rejected both of the Bank's arguments and ruled that Borrowers were entitled to fees under the mortgage and section 57.105(7).

Following the trial court's entitlement ruling, this Court issued *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896, 899 (Fla. 4th DCA 2017), *review granted*, No. SC17-1387, 2018 WL 2069328 (Fla. Feb. 13, 2018), wherein we held, consistent with the Third District's holding in *Fitzgerald*, that "to be entitled to fees pursuant to the reciprocity provision of section 57.105(7), the movant must establish that the parties to the suit are also entitled to enforce the contract containing the fee provision." Citing *Glass*, the Bank thereafter moved for reconsideration of the entitlement ruling which the trial court denied. Ultimately, Borrowers were awarded $77,349.50 in attorney's fees and costs. This appeal follows.

As we explained in *Glass*, a party that prevails on its argument that dismissal is required because the plaintiff bank is not entitled to enforce the contract containing the fee provision cannot recover fees based upon a provision in that same contract. *Id.* Although *Glass* was decided in the specific context of standing, in *Sabido v. Bank of New York Mellon* we clarified that "nothing in *Glass* limits the holding to the standing issue. The holding in *Glass* was broader, focusing on a failure to prove entitlement to enforce a mortgage and note." 238 So. 3d 867, 869 (Fla.

---

[1] The trial court later enforced the Deed Agreement and ordered Borrowers to vacate the property and execute a deed in lieu of foreclosure.

4th DCA 2018). Accordingly, because Borrowers successfully argued below that the Bank was not entitled to enforce the mortgage, we reverse and direct the trial court to vacate the final judgment awarding fees to Borrowers.

Had *Glass* not been decided, we would reach the same conclusion for two reasons. First, by dismissing the Bank's foreclosure action based on the existence of the Deed Agreement and subsequently enforcing that agreement, the trial court effectively extinguished the mortgage along with the provisions contained therein. The court could not then rely on a provision in that extinguished contract to award Borrowers attorney's fees.

Second, Borrowers are not the prevailing party. For purposes of entitlement to attorney's fees, the "prevailing party" is the party that prevailed on a significant issue in the litigation. *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 809–10 (Fla. 1992). Accordingly, in making a determination as to which party has prevailed, the focus is on the results obtained. *Smith v. Adler*, 596 So. 2d 696, 697 (Fla. 4th DCA 1992). Depending on the results obtained, a "court may properly determine that neither party has prevailed in a contract action under compelling circumstances." *Zhang v. D.B.R. Asset Mgmt., Inc.*, 878 So. 2d 386, 387 (Fla. 3d DCA 2004).

Here, although Borrowers were successful in having the Bank's foreclosure action involuntarily dismissed, the Bank was also successful in having the Deed Agreement enforced against Borrowers. In other words, the litigation essentially ended in a proverbial tie with each party prevailing in part and losing in part. *See Radosevich v. Bank of N.Y. Mellon*, 245 So. 3d 877, 881 (Fla. 3d DCA 2018) ("[W]here litigation ultimately ends in a proverbial 'tie,' with each party prevailing in part and losing in part on the significant issues in the litigation, a trial court may properly determine that neither party has prevailed for purposes of entitlement to attorney's fees."); *see also Kelly v. Bankunited, FSB*, 159 So. 3d 403, 404–07 (Fla. 4th DCA 2015) (finding that neither party prevailed for purposes of entitlement to attorney's fees where the foreclosure action was voluntarily dismissed after the parties entered into a short sale agreement).

*Reversed and remanded.*

CIKLIN, J., and KANNER, DANIEL, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**