# Fifth District Court of Appeal
## State of Florida
_____

Case Nos. 5D21-2908
5D22-1693
LT Case No. 2008-11708-FMCI
(Consolidated for disposition)
_____

Donald Charles Bauerle, Jr.,

    Appellant/Cross-Appellee,

    v.

Catherine Jean Bauerle,
Codisco, Inc., A Florida
Corporation, Codisco
International Inc., A Florida
Corporation, Coastline
International, Inc., A Florida
Corporation, Et Al.,

    Appellees/Cross-Appellants.
_____

CORRECTED PAGE: 1
CORRECTIONS ARE
UNDERLINED IN RED
MAILED: 10-13-2023
BY: SW

On appeal from the Circuit Court for Volusia County.
Sandra C. Upchurch, Judge.

Tracy S. Carlin and Steven L. Brannock,
of Brannock Berman & Seider, Tampa,
and Sheila M. Ennis, of Sheila M. Ennis, P.A.,
Edgewater, for Appellant/Cross-Appellee.

Richard F. Hussey, of Richard F. Hussey,
P.A., Fort Lauderdale, for Appellee/Cross-
Appellant Catherine Jean Bauerle.

No Appearance for Remaining Appellees/Cross-Appellants.

August 25, 2023

P{ER} C{URIAM}.

Before us are appeals and cross-appeals by Donald Charles Bauerle, Jr. ("Former Husband") and Catherine Jean Bauerle ("Former Wife") from two post-dissolution orders.* The first is a Final Order on Former Wife's Third Amended Motion for Contempt or to Compel Enforcement of Marital Settlement Agreement and for Attorney's Fees and Other Relief. The second is an Amended Final Order Regarding Attorney Fees and Costs. We reverse insofar as the trial court ordered Former Husband to transfer the marina property described in the Marital Settlement Agreement ("MSA") to Codisco, Inc., a family-owned company, pursuant to a bankruptcy court's order. We also reverse the trial court's finding that Former Wife was entitled to an award of attorney's fees as the prevailing party. In all other respects, we affirm without further discussion.

Under the doctrine of res judicata, "[a] judgment on the merits rendered in a *former* suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action." *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) (quoting *Kimbrell v. Paige*, 448 So. 2d 1009, 1012 (Fla. 1984)). "[A] judgment on the merits will thus bar 'a *subsequent* action between the same parties on the same cause of action.'" *Id.* (quoting *Youngblood v. Taylor*, 89 So. 2d 503, 505 (Fla. 1956)). The principle of res judicata applies not only to subsequent independent proceedings, but to all collateral proceedings in the same action. *Sibley v. Sibley*, 885 So. 2d 980, 982 (Fla. 3d DCA 2004); *Utterback v. Starkey*, 669 So. 2d 304, 305 (Fla. 3d DCA 1996). "[F]or the doctrine of res judicata to apply, several conditions must

---

* We have sua sponte consolidated the appeals and cross-appeals in both cases for purposes of this opinion.

2

exist, which include: 'identity of the thing sued for; identity of the cause of action; identity of [the] parties; and identity of the quality in the person for or against whom the claim is made.'" *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216, 1235 (Fla. 2006) (quoting *Albrecht v. State*, 444 So. 2d 8, 12 (Fla. 1984)). A trial court's ruling concerning the application of res judicata is reviewed de novo. *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1259 (Fla. 2006); *Bryan v. Fernald*, 211 So. 3d 333, 335 (Fla. 2d DCA 2017); *Aronowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1065 (Fla. 4th DCA 2015); *Crews v. Strother*, 209 So. 3d 595, 596 (Fla. 1st DCA 2014).

Here, Former Husband claims that the trial court erred in ordering him to transfer the marina property described in the MSA to Codisco pursuant to the bankruptcy court's order. Specifically, he asserts that res judicata barred Former Wife from relitigating the marina transfer issue because she relinquished her right to have the marina transferred to Codisco when she executed the MSA, which was incorporated into the final judgment of dissolution of marriage.

The MSA expressly provided that the marina property would remain in a family trust and that the value of the marina property would be considered when determining the value of Former Wife's stock under the MSA's buyout provision. The MSA further provided that it superseded any prior agreements between the parties. When the court incorporated the MSA into its final judgment, this constituted an adjudication on the merits of Former Wife's claim seeking transfer of the marina property.

To the extent that the trial court concluded that res judicata did not apply because Former Husband concealed the bankruptcy court's order during the dissolution proceedings, Former Husband could not have concealed the order because it was a document from a public proceeding in which Former Wife was a participant. That is, Former Husband could not conceal an order appearing on the public docket that was available to Former Wife and her lawyers at all times. Because res judicata barred Former Wife from relitigating her claim seeking to enforce the transfer provision of the bankruptcy order, the trial court erred in ordering Former Husband to transfer the marina property to Codisco.

As to the prevailing party attorney fee issues, we find that this litigation ended in a tie with each party prevailing in part and losing in part on the significant issues. Or, stated differently, compelling circumstances support the conclusion that there was no prevailing party in this case. *See Wells Fargo Bank, N.A., as Tr., for SASCO 2007-MLN1 Tr. v. Moccia*, 258 So. 3d 469, 471 (Fla. 4th DCA 2018) (concluding that the litigation ended in a proverbial tie with each party prevailing in part and losing in part where the borrowers were successful in having the bank's foreclosure action involuntarily dismissed, but the bank was also successful in having the deed agreement enforced against the borrowers); *Ruffa v. Saftpay, Inc.*, 163 So. 3d 711, 715 (Fla. 3d DCA 2015) (holding that it was completely reasonable to determine that neither party should recover fees where the plaintiff brought two separate breach of contract claims, albeit under one cause of action, and prevailed completely on one of those claims while the defendant prevailed completely on the other); *Merchs. Bonding Co. (Mut.) v. City of Melbourne*, 832 So. 2d 184, 186 (Fla. 5th DCA 2002) ("This is a classic case where two parties fought to a draw; no one won and no one lost. The trial court found Continental breached its contract by failing to get written change orders, but it also found the City was 'wrong' in destroying and replacing Continental's sewer system, after using it for one and one-half years, when it was not necessary to do so."); *see also Circuitronix, LLC v. Kapoor*, No. 15-CV-61446, 2019 WL 2245572, at *7 (S.D. Fla. Apr. 12, 2019) (declining to award prevailing party attorney's fees where the stalemate resulting from the parties' competing cross-motions to enforce a settlement agreement provided a compelling reason to find that neither party prevailed); *Dear v. Q Club Hotel, LLC*, No. 15-CV-60474, 2017 WL 5665359, at *7 (S.D. Fla. Nov. 1, 2017) (concluding that neither side was a prevailing party where each party won and lost on significant issues).

Accordingly, we reverse that portion of the trial court's order requiring Former Husband to transfer the marina property to Codisco. In addition, we reverse the trial court's award of prevailing party attorney's fees to Former Wife. On remand, the trial court is directed to deny fees to both parties insofar as the litigation essentially ended in a tie. In all other respects, we affirm.

4

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

WALLIS, JAY, and HARRIS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____