# Third District Court of Appeal
## State of Florida

Opinion filed June 25, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2041
Lower Tribunal No. 13-29262-CA-01
_____


**Kenmort Properties, et al.,**
Appellants,

vs.

**Emergency Services 24, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Weiss Serota Helfman Cole & Bierman, P.L., and Richard Rosengarten; Rosengarten Law PLLC, and Ronald M. Rosengarten, for appellants.

No Appearance, for appellee.


Before FERNANDEZ, SCALES and GOODEN, JJ.

PER CURIAM.

In this breach of contract case, after the jury returned a verdict finding that neither party breached the parties' contract, the trial court denied the appellants'[1] motion for prevailing party attorney's fees. We review a trial court's prevailing party determination for an abuse of discretion. See Sablotsky v. Gonzalez-Hernandez, 314 So. 3d 477, 478 (Fla. 3d DCA 2020). This standard of review requires us to affirm unless we find that no other reasonable jurist would have denied the appellants' fees motion. See Wal-Mart Stores E., LP v. Pineda, 406 So. 3d 995, 998 (Fla. 3d DCA 2025) ("A trial court abuses its discretion 'when the judicial action is arbitrary, fanciful, or unreasonable,' meaning that no reasonable jurist 'would take the view adopted by the trial court.'" (quoting Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980))). Given our highly deferential standard of review, we are compelled to affirm the challenged order. See Radosevich v. Bank of N.Y. Mellon, 245 So. 3d 877, 881 (Fla. 3d DCA 2018) ("[W]here litigation ultimately ends in a proverbial 'tie,' with each party prevailing in part and losing in part on the significant issues in the litigation, a trial court may properly determine that neither party has prevailed for purposes of entitlement to attorney's fees."); M.A. Hajianpour, M.D., P.A. v. Khosrow

---

[1] The appellants are Kenmort Properties, Nyman Properties LLC and The Charlotte Ross Family LLC.

Maleki, P.A., 975 So. 2d 1288, 1290 (Fla. 4th DCA 2008) ("[I]t appears that the parties battled to a draw. It is not an abuse of discretion to decline to award attorney's fees when a court determines that neither party prevailed."); Baldoria v. Sec. Realty Inv., Inc., 581 So. 2d 189, 191 (Fla. 3d DCA 1991) ("Here, neither buyer nor seller recovered against the other. As there was no prevailing party as between the parties to the contract, the trial court correctly denied attorney's fees.").

Affirmed.