DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BONNY SNYDER** and **MARK JOHNSON,**
Appellants,

v.

**GUARDIANSHIP OF JACQUELYN MCCLUNEY WARD,**
Appellee.

No. 4D2024-1161

[December 10, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502022GA000074XXXX.

Brett C. Barner and Allison R. Sabocik of Barner & Barner, P.A., Palm Beach Gardens, for appellants.

Howard M. Rudolph, Sarah A. Vitulli, and Kayla C. Di Scala of Rudolph & Associates, LLC, West Palm Beach, for appellee.

SHEPHERD, J.

Jacquelyn McCluney Ward's ("the Ward") co-guardians—her adult children—appeal from the trial court's order finding that each party prevailed on a significant issue in the litigation and that each side would, therefore, bear its own attorney's fees. For the reasons discussed below, we reverse, holding that the co-guardians were the prevailing party entitled to recover attorney's fees.

**Background**

On October 13, 2022, the Ward's husband, Arthur Lee Davis, Jr. ("the husband") and the co-guardians entered into a settlement agreement granting plenary power over the Ward's person and property to the co-guardians. In exchange, the husband received assets and cash.

The husband later filed a motion for contempt and to enforce the settlement agreement against the co-guardians regarding, among other things, his visitation with the Ward. The husband raised five issues in the

motion, claiming the co-guardians were: (1) depriving him of one visitation day each month by counting his Friday-to-Sunday visits as four days instead of three; (2) improperly restricting his visit locations; (3) impermissibly monitoring his visits; (4) denying him holiday visitation; and (5) preventing him from communicating with the Ward outside his scheduled visits.

Based on these allegations, the husband sought a finding of civil contempt, sanctions including attorney's fees and costs, and to recoup visitation days. In the alternative, he requested clarification of the settlement agreement to resolve ambiguities regarding the allowed number of visitation days, visit locations, holidays with the Ward, and communications with her. He also asked the court to appoint a guardian ad litem under section 744.391, Florida Statutes (2023), to facilitate visitation.

The trial court denied the husband's contempt motion on all but one issue. On that issue, the trial court found in the husband's favor on the calculation of weekend visitation days, concluding that his Friday-to-Sunday visits constituted three days, not four. The trial court also found that the co-guardians were the prevailing party and entitled to recover their attorney's fees incurred in defending against the husband's motion.

The husband moved for rehearing on his contempt motion. After hearing argument, the trial court reiterated its prior rulings, except to find that each party had prevailed on a significant issue, neither was the prevailing party, and each would bear its own attorney's fees and costs. This appeal followed.

**Analysis**

Florida law defines the prevailing party as the party who succeeds on the significant issues tried before the court and achieves the benefit sought in bringing the action. *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992); *Trytek v. Gale Industries, Inc.*, 3 So. 3d 1194, 1200 (Fla. 2009). A party may obtain a favorable judgment yet fail to qualify as the prevailing party when that party does not prevail on the real, contested issues in the case. *Skylink Jets, Inc. v. Klukan*, 308 So. 3d 1048 (Fla. 4th DCA 2020).

We have emphasized that, absent compelling circumstances, one party must prevail. *Lucite Ctr., Inc. v. Mercede*, 606 So. 2d 492, 493 (Fla. 4th DCA 1992); *Hutchinson v. Hutchinson*, 687 So. 2d 912, 913 (Fla. 4th DCA 1997). Only in rare instances—when the outcome is truly a draw—may a court find no prevailing party. *Wells Fargo Bank, N.A. as Tr. for SASCO*

*2007-MLN1 Tr. v. Moccia,* 258 So. 3d 469 (Fla. 4th DCA 2018) (quoting *Radosevich v. Bank of N.Y. Mellon,* 245 So. 3d 877, 881 (Fla. 3d DCA 2018)) ("[W]here litigation ultimately ends in a proverbial 'tie,' with each party prevailing in part and losing in part on the significant issues in the litigation, a trial court may properly determine that neither party has prevailed for purposes of entitlement to attorney's fees.").

Here, the co-guardians correctly argue the trial court erred in determining that the husband was also a prevailing party. His limited success on a single issue did not constitute "prevailing" on a significant issue in the litigation. Although the trial court later deemed the weekend-day-counting issue "significant," the husband's motion had sought relief well beyond clarification of the weekend visitation guidelines. He had asked the trial court to: (1) find the co-guardians in contempt; (2) clarify the agreement's visitation terms; (3) remove the co-guardians and install a guardian ad litem; (4) remove supervision from his visitations; (5) expand his visitation to include hotels and out-of-state travel; and (6) award attorney's fees. His primary objective was to expand visitation rights and restrict the co-guardians' discretion. The weekend-visitation clarification was only a narrow aspect of that effort.

In contrast, the co-guardians prevailed on five of six substantive issues, thus achieving the practical result which they had sought—preserving their authority to act in the Ward's best interests and maintaining the visitation framework set by the agreement. The husband's limited clarification that his Friday-to-Sunday visit constituted three days did not change the visitation schedule, supervision requirements, restrictions, or provide monetary or equitable relief.

Because the co-guardians had achieved their primary litigation objectives, while the husband's single win on the number of days in a weekend had limited effect, the trial court's finding that neither party had prevailed lacks support in the record. The co-guardians prevailed in the contempt proceeding and the court shall enter judgment awarding attorney's fees in their favor, with the amount to be determined via an evidentiary hearing.

*Reversed and remanded with instructions.*

GROSS and GERBER, JJ., concur.

\*     \*     \*

**Not final until disposition of timely-filed motion for rehearing.**