WARNER, Judge.
This is an appeal from an order of Final Judgment for Plaintiff. Appellant contends that the trial court erred in entering it when seven days before the court had entered a final judgment for the defendant, reserving jurisdiction only for attorney’s fees and post judgment motions. We agree and reverse.
The appellee condominium association filed suit against defendant, claiming violation of certain condominium rules and requesting an injunction. Shortly after suit was filed, appellant ceased the conduct violating the rules. Thereafter, each side moved for summary judgment. The appellant claimed that the suit was moot, and the appellee in its motion requested an injunction against future violations by appellant and also requested attorney’s fees.
*811 The trial court granted summary judgment in favor of the appellant, determining that the case was moot. Still, the court reversed ruling on the plaintiff’s cross motion for summary judgment. The court then entered final summary judgment for appellant, reserving only the issue of attorney’s fees. Yet five days later the court entered another order granting the appel-lee’s cross motion for summary judgment and followed it two days later with a Final Summary Judgment in favor of appellee on the grounds that the case was moot. The appellant moved for rehearing of this judgment, claiming that it was error to enter the second judgment after it had completely disposed of the case by its order of final summary judgment in favor of appellant. That motion was denied, and the final judgment in favor of appellee was appealed. The first final judgment in favor of the appellant has not been appealed.
The trial court was without authority to enter the second inconsistent final judgment in favor of the appellee after it had already entered final judgment in favor of the appellant on the ground that the case was moot. Cf. State v. Jacksonville, Pensacola and Mobile R.R. Co., 16 Fla. 708 (Fla.1878). While we question whether or not either final judgment should have been entered when the case was moot, dismissal being the appropriate disposition, we have not been given jurisdiction to alter the first final judgment since it has not been appealed.
We therefore reverse the second judgment in favor of appellee. We remand for further proceedings regarding the reservation of jurisdiction in the first final judgment to tax fees upon any motion, as stated in the final judgment. Whether and to what extent either party is prevailing when the action has been disposed of by mootness and not on the merits is for the trial court to decide. Cf. 51 Island Way Condominium Ass’n v. Williams, 458 So.2d 364 (Fla. 2d DCA 1984).
DOWNEY and FARMER, JJ., concur.