DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IVETTE SMULDERS** for **129-31 HARRISON STREET, LLC**
and **JOHN E. MURPHY,**
Appellants,

v.

**THIRTY-THREE SIXTY CONDOMINIUM ASSOCIATION, INC.,**
Appellee.

No. 4D17-1138

[April 25, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 50-2015-CA-006466-XXXX-MB.

Joseph S. Kashi of Joseph S. Kashi, P.A., Plantation, and Anthony J. Titone of Law Office of Anthony J. Titone, P.A., Coral Springs, for appellants.

Kathryn L. Ender and Maria D. Vera of Cole, Scott & Kissane, P.A., Miami, for appellee.

GROSS, J.

The circuit court determined that this case was moot because it could not grant relief if the plaintiffs prevailed. We reverse because we hold that, if appellants prove that a violation of the declaration of condominium occurred, the issue of their entitlement to a refund of a special assessment remains.

Appellants Ivette Smulders and John Murphy own units in the condominium operated by the Thirty-Three Sixty Condominium Association, Inc. They brought suit for injunctive and declaratory relief to challenge the Board of Directors' approval of a special assessment of $350,000 for maintenance and renovation of condominium lobbies, contending that the Board had acted contrary to the declaration of condominium.

Because the Association had commenced the renovation project, appellants sought a temporary injunction to halt the project. The circuit court denied temporary relief. After this ruling, appellants apparently paid the assessment, a prudent act that avoided a lien foreclosure lawsuit under section 718.116, Florida Statutes (2017).[1]

Both sides moved for summary judgment. One of the Association's grounds was that, as of the date of the motion, the project had been completed and all unit owners, including appellants, had paid their share of the special assessment. Thus, the Association argued that there was "no bona fide, actual, present need for a declaration as prayed for in [appellants'] Amended Complaint." The Association further argued that "the scant ultimate facts alleged by [appellants] in support of their claim regarding an alleged 'bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the [appellants]' have been rendered moot by appellants' admissions that they have 'paid the assessment.'"

At the summary judgment hearing, the trial court opined that the issue was moot, asking the parties:

> THE COURT: What are you going to ask me [to] enjoin? The project that you're disputing has been completed, hasn't it?
>
> APPELLANTS: Well, it has, and we tried to stop it.

The judge then asked if appellants wanted him to have the Association rip out the renovations, to which appellants' counsel responded in part:

> Well, I think there should be some affirmative injunctive relief that the Court can frame to at the very least, these gentlemen are entitled to their assessments back, okay, because they're paying for an illegal undertaking and I think the court in its power, something that the court can consider, that they restore the lobby as much as possible to the way they were before.

---

[1] We are aware of no provision of the Condominium Act, Chapter 718, Florida Statutes (2017), or the underlying condominium documents in this case, that would allow a unit owner to deposit a disputed assessment with the registry of the court. *Compare* § 83.60(2), Florida Statutes (2017) (allowing a tenant to post rent into the registry of the court pending final judgment in an eviction case).

The trial court again stated, "I don't think there's anything to enjoin right now. It's over." Concerning mootness, counsel for the Association added:

> [T]he prayers for relief show that there is – this is even more moot because when he's asking the Court to enjoin the association from collecting assessments, which is done and paid. Enjoin the defendant from moving forward with the lobby, they call it alterations, but it's done.

The trial court granted summary judgment for the Association and entered a final judgment. Having orally ruled on the ground of mootness, there is no indication that the court addressed appellants' claim on the merits.[2]

As the Fifth District has written,

> A case is rendered moot when it no longer presents an actual controversy or when the issues have ceased to exist because they have been "so fully resolved that a judicial determination can have no actual effect."
>
> At least three instances have been recognized by Florida courts in which a moot case will not be dismissed: 1) when the issues are of great public importance; 2) when the issues are likely to recur; and 3) when collateral legal consequences flow from the issues to be resolved that may affect the rights of a party.

*Mazer v. Orange County*, 811 So. 2d 857, 859 (Fla. 5th DCA 2002) (internal citations omitted).

To say that this case is moot is contrary to the system of self-government created by the Condominium Act. Section 718.303(1), Florida Statutes (2017), implements checks and balances on the power of associations and their boards of directors by permitting a unit owner to bring "[a]ctions for damages or for injunctive relief, or both, for failure to comply" with the provisions of Chapter 718, "the declaration, the documents creating the association, and the association bylaws." Nothing is more central to condominium governance than the manner in which a board raises money from unit owners and then spends it. Given the glacial pace of litigation, a board would almost always be able to pass a special

---

[2] We question whether final judgment should have been entered, since dismissal is the appropriate disposition when a case is moot. *See Breslof v. The Pines of Delray North Assoc., Inc.,* 583 So. 2d 810, 811 (Fla. 4th DCA 1991).

assessment, collect it, and spend it on a project before a challenge to the assessment came to trial. If the spending of an assessment always rendered moot a challenge to its legality, then the self-governance contemplated by the Condominium Act would be severely undermined; a board would have little check on its handling of money.

As appellants' counsel argued below, the case is not moot because there remains the issue of appellants' entitlement to reimbursement of the assessment they paid if they prove a violation of the declaration of condominium.[3] Although not directly relevant on the issue of mootness, if appellants prevail below, there is the issue of their entitlement to recover such "additional amounts as determined by the court to be necessary to reimburse [appellants] for his or her share of assessments levied by the association to fund its expenses of the litigation;" and there is also the issue of attorney's fees to the "prevailing party." § 718.303(1), Fla. Stat. (2017).

Our holding that this case is not moot should not be read to mean that we disagree with the trial court's determination that an injunction ordering the lobby work undone is an inappropriate remedy in this case.

*Reversed and remanded for further proceedings.*

WARNER and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] In the amended complaint, a return of appellants' payment falls under either "such other relief as the Court deems necessary and proper under the circumstances" or "any such other further ancillary relief as the Court deems appropriate."