# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**JOHN PATCHEN**, individually, and
**JOHN PATCHEN**, as Trustee of the
John Patchen Revocable Living Trust,
Appellants,

v.

**QUADOMAIN CONDOMINIUM ASSOCIATION,**
Appellee.

Nos. 4D19-1359 and 4D19-1531

[October 21, 2020]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE17-20651.

Eric C. Edison of Gunster, Yoakley & Stewart, P.A., Fort Lauderdale, for appellants.

Scott J. Edwards of Scott J. Edwards, P.A., Boca Raton, and Christopher Sajdera of Sajdera Kim, PLLC, Boca Raton, for appellee.

### ON APPELLEE'S MOTION FOR REHEARING

GERBER, J.

We grant in part appellee's motion for rehearing in order to clarify our description of the circuit court's disposition of appellants' motion to vacate the circuit court's initial order granting the appellee's motion for temporary injunction. We therefore substitute the following opinion for our opinion which issued on July 29, 2020, and otherwise deny the remainder of appellee's motion for rehearing, without further discussion.

A condominium unit owner appeals from two mandatory injunction orders which permitted his condominium association to access his balcony to perform restoration work. We affirm the circuit court's finding that the association was entitled to the injunction. However, we remand for further proceedings based on the unit owner's argument that the circuit court erred in not requiring the association to give a bond pursuant to Florida

Rule of Civil Procedure 1.610(b) ("No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined."). We agree with the unit owner that the circuit court erred by not requiring a bond.

The association argues the unit owner did not raise this argument in the trial court, thus waiving the argument. The association is incorrect. After the circuit court entered its initial order granting the association's motion for temporary injunction, the unit owner filed a motion to vacate the order because, among other reasons, the order did not require a bond under rule 1.610(b). The circuit court initially entered an order staying the injunction "until further order of the court." The circuit court later entered a further order granting the association's motion to lift the stay and directing the unit owner to permit the association to access his balcony to perform the restoration work, but again without requiring the association to give a bond. We treat the circuit court's order lifting the stay of the injunction as a final order denying the unit owner's motion to vacate the order granting the association's motion for temporary injunction. Thus, the unit owner preserved his argument of error for not requiring a bond.

In the alternative, the association argues we should dismiss the appeal as moot because, during this appeal's pendency, the association completed the work on the unit owner's balcony. The unit owner responds the appeal is not moot because he may be subject to a collateral legal consequence, that is, the association's allegation it is the prevailing party under its pending motion for attorney's fees and costs pursuant to section 718.303(1), Florida Statutes (2018), and the condominium declaration.

We agree with the unit owner that because of the possible collateral legal consequence of prevailing party attorney's fees and costs, the appeal is not moot. *See Smulders for 129–31 Harrison Street, LLC v. Thirty–Three Sixty Condominium Association, Inc.*, 245 So. 3d 802, 805 (Fla. 4th DCA 2018) (unit owners' action was not rendered moot by completion of renovation and payment by all unit owners of their share of special assessment where collateral consequences, including prevailing party attorney's fees under section 718.303(1), required determination).

Based on the foregoing, we affirm the circuit court's finding that the association was entitled to the injunction. However, we reverse as to the circuit court's error in not requiring a bond under rule 1.610(b). Because the action for which the bond would have been required has been completed, no need exists for the circuit court to hold an evidentiary

2

hearing on what bond amount should have been required. Rather, the circuit court shall consider our reversal on the bond issue, along with all other issues in the case as a whole, in determining entitlement to attorney's fees and costs as the prevailing party pursuant to any pending motions under section 718.303(1) and the condominium declaration.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and GROSS, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3