DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL RIGOLI** and **MICHELLE RIGOLI,**
Appellants,

v.

**THE PRESERVE AT BAY HILL ESTATES
HOMEOWNERS ASSOCIATION, INC.,**
Appellee.

No. 4D2025-1083

[April 1, 2026]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; M. Katherine Mullinax, Judge; L.T. Case No. 502023CC010271.

Patrick Morgan Bailey of Linkhorst Law Firm, P.A., Jupiter, for appellants.

Evan Ross Bachove of Fields & Bachove, PLLC, Palm Beach Gardens, for appellee.

PER CURIAM.

In a case arising out of a dispute between homeowners and a homeowners' association over alleged violations of the association's rules, the homeowners appeal a final order awarding prevailing party attorney's fees and costs and an order granting the association's motion for summary judgment.

We disagree with the association's contention that the order granting summary judgment was an appealable final order. An order granting summary judgment without entry of a final judgment is not an appealable order. *See Ho v. Fountains of Palm Beach Condo. Inc., No. 3*, 309 So. 3d 237, 238 (Fla. 4th DCA 2020). Therefore, the order here was nonfinal because it contained no language of finality and merely granted the motion for summary judgment without entering judgment or dismissing the case. *See Rust v. Brown*, 13 So. 3d 1105, 1107 (Fla. 4th DCA 2009) ("An order merely granting a motion for summary judgment is not a final order because it does not enter judgment for or against a party.").

Because the attorney's fees order was entered prior to a final order disposing of the lawsuit, the fee order was entered prematurely. *Ho*, 309 So. 3d at 239. For these reasons, we dismiss the appeal to the extent that it seeks to challenge a nonfinal order granting a motion for summary judgment; we reverse the fee order "in its entirety as premature." *Id.* at 238–39.

*Reversed in part, dismissed in part, and remanded.*

CIKLIN and LOTT, JJ., concur.
GROSS, J., concurs with opinion.

GROSS, J., concurring.

I concur in the majority's disposition. I write only to discuss several areas of law in the hope that the discussion will curtail some litigation and reduce the expense to the parties. Since this is merely a concurring opinion, it is not binding on the parties, the trial judge, or this court in any future appeal.

Without ascribing fault to anyone, I believe this case became more legally complex than it needed to be. I will briefly try to summarize some background facts.

The case began in 2022 as a disagreement between the homeowners and the association over the homeowners' maintenance of their property.

In March 2023, after a presuit mediation, the parties executed a settlement agreement. The agreement contained landscaping requirements, time limits, and procedures for the parties to follow. If both parties performed under the agreement, the association would waive all fines that had been imposed, and each side would bear its own attorney's fees and costs. In the event of "any breach" of the agreement by the owners, the association was entitled to seek all fines that were imposed, and the prevailing party "in any litigation" was entitled to recover reasonable attorneys' fees and costs.

The settlement fell apart. In August 2023, the association filed a three-count complaint against the homeowners for breach of contract involving the settlement agreement, breach of contract concerning the governing association documents, and injunctive relief to compel compliance with the settlement agreement and association rules and regulations. The contract counts sought damages, including a request "to collect all fines

2

that have been imposed against [the homeowners] and their Property as a result of the violations."

Among the defenses raised by the homeowners were allegations that the association's conduct precipitated some violations and that some violations were procedurally or substantively incorrect.

In April 2024, the association moved for summary judgment. By written responses, the homeowners vigorously responded. A mediated settlement fell through and the homeowners' lawyer withdrew. The trial court set the case for trial.

After a hearing, the trial court granted the association's motion for summary judgment, based upon its lawyer's representations that the association was "satisfied with the repairs/alterations made to the [homeowners'] property," that there were "no further questions for jury determination," and that "the claims set forth in the Complaint are now moot." The court wrote that "the Motion for Summary Judgment is GRANTED as the case is moot."

What followed was the homeowners' motion for rehearing of the summary judgment order, the association's motion for attorney's fees and costs, the homeowners' objection to the fee motion, a fee order, a motion for rehearing of the fee order, a hearing on the motion for rehearing, and orders denying the motions for rehearing.

At this point, I pause to note that the association's decision to proceed by way of a summary judgment motion was curious. A different approach may have provided a more direct path to ending the litigation.

Had the association chosen to file a notice of voluntary dismissal, a different path to the "prevailing party" analysis would have materialized.

A determination on the merits is not a prerequisite to an award of prevailing party attorney's fees. *See 51 Island Way Condo. Ass'n v. Williams*, 458 So. 2d 364, 366 (Fla. 2d DCA 1984); *State, Dep't of Health & Rehab. Servs. v. Hall*, 409 So. 2d 193, 195 (Fla. 3d DCA 1982). "In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990). Still, a defendant is not automatically the prevailing party for purposes of attorney's fees when a plaintiff takes a voluntary dismissal. *Padow v. Knollwood Club Ass'n*, 839 So. 2d 744, 746 (Fla. 4th DCA 2003). Instead, "courts must look to the substance of litigation outcomes—not just procedural maneuvers—in determining the issue of which party has

prevailed in an action." *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1041 (Fla. 2d DCA 2013).

For example, where an "[a]ssociation uncompromisingly obtained the only relief sought on the only issue raised in this litigation: compliance with the declaration and removal of the encroaching fence," we held that "[t]his was sufficient for the Association to be considered the prevailing party*." Isola Bella Homeowners Ass'n v. Clement,* 328 So. 3d 1132, 1135 (Fla. 4th DCA 2021). By contrast, the *Padow* exception to the general rule does not apply where the defendant does not "cave in to the [plaintiff's] demands prior to the voluntary dismissal." *Alhambra Homeowners Ass'n v. Asad*, 943 So. 2d 316, 320 (Fla. 4th DCA 2006).

A third option is available in a "prevailing party" analysis when a case has been voluntarily dismissed. This court has held that "[w]here a plaintiff's voluntary dismissal results in neither party substantially prevailing in the litigation outcome, neither party is the prevailing party for purposes of attorneys' fees." *Kelly v. BankUnited, FSB*, 159 So. 3d 403, 407 (Fla. 4th DCA 2015).

On remand, the trial court may wish to reexamine whether the case was moot. Mootness is distinct from a voluntary dismissal. "A case is rendered moot when it no longer presents an actual controversy or when the issues have ceased to exist because they have been 'so fully resolved that a judicial determination can have no actual effect.'" *Smulders for 129-31 Harrison St., LLC v. Thirty-Three Sixty Condo. Ass'n,* 245 So. 3d 802, 804 (Fla. 4th DCA 2018) (citation omitted). "A moot case generally will be dismissed." *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992).

Here, the association's representation at the summary judgment hearing that it was "satisfied with the repairs/alterations made" to the homeowners' property does not appear to have rendered the case moot. The association's mootness argument looks like a strategic maneuver to secure a favorable ruling on the motion for summary judgment while circumventing the entry of a voluntary dismissal.

The case appears to have presented an actual controversy even with the repairs complete, and the issues were not so fully resolved that a judicial determination would have had no actual effect.

The association's breach of contract counts sought damages, including all fines imposed against the homeowners, which remained a live issue in the case. Similarly, the homeowners' defensive argument that the association had not properly imposed the fines was still a viable issue that

4

survived after the homeowners had completed their landscaping project to the association's satisfaction. A prevailing party analysis would take into consideration the homeowners' success in avoiding a damages award for the fines sought in the complaint.

Finally, the association's entitlement to attorney's fees under the settlement agreement was conditioned upon a determination that the homeowners had breached that agreement, which was never adjudicated, because the trial court granted summary judgment based on mootness only.

Here, the trial court may not have given adequate consideration to whether the association "uncompromisingly" obtained all the relief it had sought in its complaint.

Perhaps the timing of the association's mootness argument—raised about a year after the relevant repairs had been completed—suggested that the association may have been compromising on some of its demands when it declared the case moot.

Some of these issues may bear further examination on remand.

*     *     *

***Not final until disposition of timely-filed motion for rehearing.***